ZINA W. ALEXANDER, Respondent, *v.* AUSTIN M. HARD et al.,
Appellants.

The fact that the wife of A. owns the fee of the land on which stands the
house in which he lives with his family, is not necessarily inconsistent
with his having such a possession of the house as will entitle him to
maintain an action against a trespasser for forcibly entering it.

Plaintiff built a house upon the land of his wife, in which he lived with
his family, having possession and control thereof. He operated the
farm in his own name, owned the stock and provided for his family.
In an action for unlawfully and violently breaking into and entering the
dwelling-house the court charged that plaintiff could not recover for
damages to the house. *Held,* error; that the facts were sufficient to
authorize a finding of a possession in plaintiff sufficient to entitle him to
maintain the action.

(Argued January 27, 1876; decided February 22, 1876.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, setting aside a verdict
for plaintiff and granting a new trial.

This was an action of trespass.

The complaint alleged that defendants with force and arms
broke and entered plaintiff's dwelling-house, disturbing him
and his family, breaking the hinges and locks of the doors
and assaulting plaintiff's wife and children and otherwise
injuring him.

The evidence tended to show that at the time of the occur-
rence in question he was sick and confined to his bed; that
defendants came to the house for the purpose of serving a
notice of appeal from a Justice's Court judgment, and upon
being refused admittance broke open the outside door and
after a struggle with plaintiff's wife, son and daughter, forced
open the door of an intermediate room and the door of the
bedroom where plaintiff was. It appeared that the plain-
tiff's wife owned the farm upon which the house stood; the
house was built by plaintiff. He moved his family into the
house and had lived there for six years with his family, during

which time, as he testified, he had been in possession and had control of the house. He cultivated and worked the farm in his own name, owned the stock and provided for the family.

The court charged, among other things, that plaintiff could not recover damages for the breaking and entering the house, to which plaintiff's counsel duly excepted. The court submitted to the jury the question as to whether plaintiff sustained any personal injuries.

The jury rendered a verdict for plaintiff of five dollars. Exceptions were ordered to be heard at first instance at General Term.

*O. W. Chapman* for the appellants. Plaintiff could not maintain this action. (*Knapp* v. *Smith*, 27 N. Y., 277; *Gage* v. *Dauchy*, 34 id., 293, 297, 299; *Vrooman* v. *Griffiths*, 1 Keyes, 53, 58; *Russell* v. *Scott*, 9 Cow., 279, 281; *Fox* v. *Duff*, 1 Daly, 196; *Fasset* v. *Smith*, 23 N. Y., 252; *Wilcox* v. *Wilcox*, 48 Barb., 327; 27 N. Y., 277; Laws of 1860, chap. 90, § 1; *Baum* v. *Mullen*, 47 N. Y., 577, 579; *Reed* v. *Ganon*, 50 id., 345, 351, 352; *Minier* v. *Minier*, 4 Lans., 421; 47 N. Y., 467; 49 id., 319; 54 id., 437, 444; *Rowe* v. *Smith*, 45 id., 230; *Fisk* v. *Bailey*, 51 id., 150, 152, 153; *Allen* v. *Cowan*, 23 id., 502, 505.)

*G. W. Hotchkiss* for the respondent. No other question of possession than that of simple occupancy by plaintiff was involved in this action. (1 Chit. Pldgs., 177; 1 Hil. on Torts, 597; *Graham* v. *Peat*, 1 East, 244; *Harker* v. *Birbeck*, 3 Burr., 155; *Cary* v. *Holt*, 2 Stra., 1238; *Lambert* v. *Stroother*, Welles', 222; *Radborne* v. *Kennadale*, 3 Salk., 354; *Fassett* v. *Smith*, 23 N. Y., 252.)

RAPALLO, J. The facts that the plaintiff's wife owned the fee of the land upon which the house stood, and that she resided there *with* him, are not, necessarily, inconsistent with the plaintiff having such a possession of the house as would entitle him to maintain an action against a trespasser for forcibly entering it. The wife had the right to confer upon

her husband the possession and control of the property; and if she did so, he was entitled to defend such possession and to maintain an action of trespass against a stranger who should unlawfully and forcibly disturb him in the enjoyment of it. In one sense, it is true, his possession would be hers; that is to say, it would not be hostile to her title, and would inure to her benefit as that of a tenant inures to the benefit of his landlord; but, nevertheless, he would have the right to protect it against a trespasser.

The question in this case is, simply, whether facts were proven which would have justified the jury in finding that the wife had put him in possession of the property. If she had, the judge erred in instructing the jury that the plaintiff was not entitled to maintain an action against the defendants for breaking and entering the house; and the General Term were right in ordering a new trial.

It appeared in evidence that the plaintiff had built the house on his wife's farm; that he moved his family into it, consisting of his wife and several children, and had lived there with his family for six years; during which time, he testified, without objection, that he had been in possession of the house and had control of it. It further appeared that he operated the farm in his own name, owned the stock upon it, cultivated it, and provided for his family.

We think that from these facts the jury might well have inferred that his wife had put him in possession of the farm, and consented to his building upon and occupying and cultivating it in his own name and on his own account, for the support of himself and the family. This would be a sufficient possession to entitle him to maintain an action against a trespasser for breaking and entering the house. The plaintiff was the head of the family; it was his duty to protect and maintain it, and the duty of his wife to live with him. Under the facts of this case it is more reasonable to attribute her presence in the house to a compliance with her marital obligations than to an intention to retain possession of the property.

The order of the General Term should be affirmed and judgment absolute rendered for the plaintiff, with costs.

All concur. MILLER, J., not sitting.

Order affirmed, and judgment accordingly.