ROBERT C. MARTIN, Appellant, v. JACOB S. RECTOR, Respondent.

101   77
110   542
101   77
131   213
101   77
151   496

Since the passage of the acts in relation to the property of married women there is no presumption that the husband is in occupation of his wife's lands, and in an action of ejectment brought against the husband to recover possession of such lands, whether she was occupying them at the

time of the commencement of the action, or had given to her husband the possession, is to be determined as a question of fact.

(Argued October 6, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 1, 1883, which affirmed a judgment in favor of the defendant entered upon a verdict. (Reported below, 30 Hun, 138.)

This was an action of ejectment for non-payment of rent, under leases executed by Stephen Van Rensselaer.

Plaintiff claimed as grantee of the lessor. The interests of the original lessees were shown to have been transferred by successive conveyances to Martinus Lansing, who was father of defendant's wife. Non-payment of rent falling due in 1859, was shown. The action was commenced in 1860. It was proved in substance that in 1856 said Lansing told defendant's wife that, if she would move on the land in question, he would make her a present of it, and that she might go on and build and improve it, and he would give to her a deed. That defendant and his wife thereupon moved upon the premises, and lived thereon as husband and wife. Buildings were put up and improvements made.

The further facts, so far as material are stated in the opinion.

*Esek Cowen* for appellant. The defendant was, upon the undisputed facts of the case, an actual occupant of the premises within the meaning of the statute. (2 R. S. 304, § 4 ; *Shaver* v. *McGraw*, 12 Wend. 558 ; *Doe* v. *Sterling*, 2 Stark. 187 ; *Hamilton* v. *Douglas*, 46 N. Y. 218 ; *Alexander* v. *Ward*, 64 id. 230 ; *Townsend Bk.* v. *Todd*, 49 Conn. 231.) A mere equitable ownership in the wife, if that made any difference with the occupancy, did not exist here ; the defendant went into possession by mere verbal permission of the wife's father. (*Freeman* v. *Freeman*, 43 N. Y. 35 ; *Lobdell* v. *Lobdell*, 33 How. 347.) The fact that the defendant occupied and possessed, as the representative of the wife, does confer upon him the occupancy within the statute. Even a servant in occupation

may be defendant in ejectment. (*Doe* v. *Stradling*, 2 Stark. 187.)

*George W. Miller* for respondent. Since 1848 a wife could hold, possess and occupy real property as a *feme sole*. (*Knapp* v. *Smith*, 27 N. Y. 277.) She could do so and could buy on credit without any other separate estate, and she could manage a farm by and through the agency and services of her husband, and hold the property and its increase as her separate estate. (*Van Derwert* v. *Gould*, 36 N. Y. 639 ; *Abbey* v. *Deyo*, 44 id. 343; *Rowe* v. *Smith*, 45 id. 230.) Recent legislation has wholly changed the common law. The husband has no longer any right to the use of the real estate, or to the possession of the property thus acquired. (*Prevot* v. *Lawrence*, 51 N. Y. 219; *Wright* v. *Wright*, 54 id. 437 ; *Minier* v. *Minier*, 4 Lans. 422 ; *Wood* v. *Wood*, 18 Hun, 350; 83 N. Y. 575; *Alexander* v. *Hard*, 64 id. 228.) Payment of taxes by the husband shows no right or possession in him and is not even evidence of actual occupation. (*Minier* v. *Minier*, 4 Lans. 422 ; *Ludlow* v. *Meyers*, 3 Johns. 388.) A parol gift of land, followed by delivery of possession, continued occupancy and the making of substantial improvements, creates a good title. (*Freeman* v. *Freeman*, 43 N. Y. 34 ; *Lobdell* v. *Lobdell*, 36 id. 327.) The validity of Mrs. Rector's title was not in question. That she claimed title and was in possession — was the occupant — was sufficient to defeat the action against the defendant. (*Chamberlain* v. *Choles*, 35 N. Y. 447 ; *Steele* v. *Johnson*, 4 Allen, 425.)

DANFORTH, J. That the plaintiff was the grantee of the original lessor, that rent was due from the lessee, and unpaid, and that the demise contained a condition for re-entry upon the land in question for non-payment of rent was conceded, but the land was occupied and no recovery could be had unless the defendant was at the beginning of the action the actual occupant of the premises. (2 R. S. 304, § 4.) Whether he was such occupant was the question litigated at the trial. The

plaintiff claimed that the evidence was all one way, and of such force as to require the trial court to withhold it from the jury and direct a verdict for him. The judge declined to do so, and upon submission to the jury, their verdict was in favor of the defendant, as was also a special finding that "he was not the actual occupant of the premises at the time of the commencement of this action."

We think the learned court did not err. By force of the statutes relating to the property of married women (Laws of 1849, chap. 375), the wife may take the equitable or legal title to real and personal property, and hold the same to her sole and separate use as though she were unmarried. She might, therefore, cultivate the land and manage the personal property either in person or by means of any agency which any other owner of property might employ. (*Knapp* v. *Smith*, 27 N. Y. 277; *Draper* v. *Stouvenel*, 35 id. 507; *Rowe* v. *Smith*, 45 id. 230; *Bodine* v. *Killeen*, 53 id. 93; *Wood* v. *Wood*, 83 id. 575.) Whether she was doing so in this case or whether she had given to the defendant, her husband, the possession of the premises was the real subject of contention, and to be determined as a question of fact. (*Alexander* v. *Hard*, 64 N. Y. 228.) That the title was in her was unquestioned, without her consent he could have no legal possession, and therefore could not have even that rightful temporary use of the soil without which one could not be, in the language of the statute, an "actual occupant." In behalf of the plaintiff, the defendant at one time testified on examination before trial, but after suit brought, that he was in possession at the time of the commencement of the action, and with that general testimony the plaintiff rested. But afterward the facts constituting the possession and occupancy of the premises were disclosed, and it appearing that the land was given to Mrs. Rector by her father, the defendant testified: "My wife went upon those premises in pursuance of that. I went there with my wife; the property was given to her, and of course I went there and lived with her; that was the only reason I went there; I occupied the premises in no other way than that." "She continued," he says, "to live

upon and occupy these premises" for many years, and until a short time before the trial, and whatever he did " was by her directions," or as he says, " he was the acting man under his wife." She testifies that she went into possession at the time the farm was given to her, long before the commencement of the action, and continued in possession from that time, personally residing upon and occupying it; that she never gave the possession of the premises in any way to her husband. Upon this testimony the jury might well find that the defendant was not the " actual occupant." He was there as husband, servant, agent, not as one having, in relation to the land, any right or interest or power of control. In neither capacity did he occupy within the meaning of the statute. Nor were they in possession jointly. The possession was always her possession. If ousted by her husband or other person, she could bring an action to recover possession. Before the statutes (*supra*) the husband, *jure mariti*, had a right to the possession of his wife's lands, and as her head or master he might be presumed to be in occupation. It is now different. The wife as well as the husband may own lands free from the other's control, and there can be no such presumption. He may still be the head of the family without being in any legal sense the possessor or actual occupant of the house or land in or upon which the family reside.

But upon the whole evidence it was properly left for the jury to say whether the defendant was the actual occupant, and their verdict, rendered, as it was, under proper instructions, is conclusive.

We, therefore, agree with the General Term and think the judgment appealed from should be affirmed.

Andrews, Miller and Finch, JJ., concur; Rapallo and Earl, JJ., dissent; Ruger, Ch. J., not voting.

Judgment affirmed.