### DRIGGS *et al.* v. SCHUYLER.

(*Supreme Court, General Term, Fifth Department.*   June 23, 1888.)

HUSBAND AND WIFE—ACTIONS—LUMBER PURCHASED BY HUSBAND TO BUILD HOUSE ON WIFE'S LAND—BREACH OF WARRANTY.

A husband, who, while building a house for himself and family, purchased lumber, taking a warranty of quality, is entitled to set up the warranty in defense to an action for the price, and counter-claim damages for its breach, although he was building the house on his wife's land.

Appeal from circuit court, Cayuga county.

Action by John F. Driggs *et al.* against Franklin Schuyler on a promissory note. Judgment for plaintiffs, and defendant appeals.

Argued before BARKER, P. J., HAIGHT, BRADLEY, and DWIGHT, JJ.

*Amasa J. Parker,* for appellant.  *James Lyon,* for respondents.

HAIGHT, J. This action was brought upon a promissory note given in renewal of another note which was given by the defendant to the plaintiffs for the purchase price of a quantity of lumber. The second defense set forth in the answer is to the effect that the lumber sold to him by the plaintiffs was represented and warranted to be well seasoned, dried, and fit for siding a house; that it would not shrink, etc.; whereas, in fact, it was unseasoned, and not suitable for siding a house, and was worthless, to the defendant's damage of $200. The third defense set forth in the defendant's answer is to the effect that the defendant purchased the lumber of the plaintiffs for the purpose of siding a house that he was then building; that the plaintiffs represented and warranted the lumber to be dried and well seasoned; and that it would not shrink, and was suitable for siding the house; whereas, in truth and in fact, the lumber was not dried, was not seasoned, did shrink; and special

damages were alleged to have resulted to the house in consequence thereof. Upon the trial it was held that the defendant had the affirmative of the issue, and he was sworn in his own behalf, and gave evidence tending to show that he purchased the lumber of the plaintiffs; that they warranted it; that there was a breach of the warranty; that he had put it upon the house, and also gave evidence tending to show special damages. He also testified that the house was built upon the lands owned by his wife; that he was building the house for the use of himself and his family; that it was built upon a stone foundation, and made a permanent structure. After giving this evidence the court inquired of the defendant's counsel if he relied upon the state of facts testified to by the witness to establish his defense and counter-claim. The counsel for the defendant replied that he did, and the court thereupon asked him if he had any further evidence to offer except upon the question of the condition of the building, and the damages; to which the defendant's counsel answered in the negative. The court then ruled that the defendant could not recover for damages for injuries to his wife's real property. Counsel for the defendant then offered to show that the lumber was worthless, which evidence was excluded, and the defendant excepted. The court then directed a verdict in favor of the plaintiffs for the amount of the note, with interest, etc.; to which direction the defendant excepted.

It appears to us that the trial judge was wrong. Under the second defense set forth in the answer, the defendant had the right to show that the lumber that he purchased was represented to be of a certain quality and condition; that it was not of the quality or condition warranted; and to recover as damages the difference between the contract price and its actual value. Under this branch of the answer, the plaintiffs had no concern as to the use that was to be made of the lumber. The defendant had the right to sell it or give it away. He had the right to have delivered to him the kind and quality of lumber embraced in the contract, and the plaintiffs had no right to deliver him other lumber. Under the third defense and counter-claim, it appears that the defendant was building the house upon the lands of his wife for the use of himself and his family. A similar question was presented in the case of *Quackenbos* v. *Edgar*, 61 N. Y. 653. That action was brought to recover damages for an alleged breach of contract in doing certain plumbing work, and furnishing certain materials for the plaintiff at his house in the city of New York. Upon the trial it appeared that the house belonged to the plaintiff's wife; it having been given to her by her grandfather on condition that the plaintiff would put it in repair. It was shown upon the trial that in consequence of the unskillful manner in which the work was done by the defendant, and the unsuitableness of the materials furnished, that water escaped from the pipes, which injured the house, and that the plaintiff was compelled to expend a large sum to put it in repair. It was held that the plaintiff could recover, and that the defendant was not at liberty to dispute the plaintiff's interest. In the case of *Alexander* v. *Hard*, 64 N. Y. 228, the plaintiff built a house upon the land of his wife, in which he lived with his family, having possession and control thereof. In an action brought for the unlawful breaking into and entering the house, the court charged that the plaintiff could not recover for the damages to the house. This, on review, was held error; that the facts were sufficient to authorize a finding of a possession in plaintiff sufficient to entitle him to maintain the action. See, also, *Muller* v. *Eno*, 14 N. Y. 597. In the case under consideration, it appears that the defendant, as we have seen, was building the house for the use of himself and his family. This he had the right to do, with his wife's consent, upon her land. He was interested in having the house constructed of materials suitable for the purpose, that would protect him and his family from the elements, and afford him such comfort and enjoyment as his contract provided for. It appears to us that the case is within the authorities referred to, and that the court should

have submitted the question to the jury. The judgment should be reversed, and a new trial ordered; costs to abide event. So ordered.

BARKER, P. J., and BRADLEY and DWIGHT, JJ., concur.