68 183
149a 608

MICHAEL KAVANAGH, Appellant, v. AMZI L. BARBER, Respondent.

*Nuisance — absence of title in the plaintiff to the premises affected — amendment of a complaint on the trial.*

On the trial of an action brought to recover damages for the personal discomfort to which the plaintiff was subjected in the occupation of the house in which he and his family dwelt, by reason of a nuisance created by the defendant in operating an asphalt factory (the complaint in which action contained no allegation that the plaintiff had any title or interest, as lessee or otherwise, in the land which was affected by the nuisance), the plaintiff offered to show that, while the title to the premises was in his wife's name, he had furnished the purchase money and paid the taxes and was in occupation and control under an agreement made with his wife.

*Held,* that the offer was incompetent under the complaint, and the evidence was properly rejected.

The Court of Appeals having reversed a former judgment in favor of the plaintiff on the ground that there was no allegation or proof in the case that plaintiff had any title or interest in the land which was affected by the nuisance, the plaintiff, on the new trial, after the rejection of an offer to show that, while the title to the land was in the plaintiff's wife, he had furnished the purchase money and paid the taxes and was in occupation and control under an agreement made with his wife, asked leave to amend the complaint by inserting an allegation that ever since the purchase of the premises in question he "has been and is now in legal possession thereof, under an agreement with said wife," which was refused.

*Held,* that no facts being shown excusing the failure to insert such an allegation originally, the General Term would not be justified, under the circumstances, in reversing the ruling made by the trial court.

APPEAL by the plaintiff, Michael Kavanagh, from a judgment of the Supreme Court, entered in the Erie county clerk's office May 5, 1892, upon a nonsuit directed at the Erie Circuit.

The complaint in the action was as follows:

"The plaintiff above named, by Day & Romer, his attorneys, complains of the defendant above named, and for cause of action against him alleges on information and belief:

"That for about fourteen years last past, this plaintiff has resided with his family, consisting of his wife and five children, in a house and lot owned by plaintiff's wife, on the northerly side of Fourth street, in the city of Buffalo, Erie county, N. Y., said house being known as No. 347 Fourth street.

"That on or about the 1st day of May, 1884, said defendant, in

disregard of the rights of this plaintiff, erected, or caused to be erected, on a lot on the southerly side of Fourth street, opposite the house of this plaintiff, and has since maintained, or caused to be maintained, an establishment and apparatus for manufacturing paving and roofing material from asphaltum and other substances, and on the lot in question heats, boils and otherwise prepares and manipulates by day and by night, large quantities of asphaltum and substances which give forth and emit divers disagreeable, offensive, noxious and unwholesome gases, smells, odors and stenches, rendering the air and atmosphere in the locality of plaintiff's dwelling foul and unwholesome, and by reason thereof plaintiff and his family have been put to much and serious inconvenience, discomfort, sickness and damage, and have been obliged to keep the doors and windows of their dwelling by day and by night tightly closed, even in the warmest weather, and the food prepared for the use of the plaintiff and his family has been so impregnated by said gases, and the foulness of the atmosphere, caused as aforesaid, as to become disagreeable to the taste, and unwholesome, and the fine sand used by said defendant in his said business, and the soot and other disagreeable and unwholesome matter engendered in his factory, has been blown by the wind against and upon and into the dwelling of plaintiff, to such an extent that plaintiff and his family have been deprived of the front room of said dwelling, and have been obliged to remove the curtains and carpet therefrom, and have been prevented from performing ordinary household work at usual and convenient times, and many times have been compelled to wash the clothes a second time, and have also been deprived, by reason of defendant's said acts, and on account of such gases, smells, sand, soot and other disagreeable and unwholesome matter, of the ordinary and comfortable use and enjoyment of said premises and dwelling, and plaintiff's said wife and family have been made ill and sick by said smells and stenches, caused and blown as aforesaid, and one of plaintiff's daughters, to wit, Annie, aged nineteen years, died on July 27, 1888, from sickness caused or aggravated by said stenches, smells, soot and sand, or some of them, and plaintiff has been deprived of the services of his said wife and children on account thereof, and has been compelled to expend divers large sums of money for medical attendance on account of such sickness caused

as aforesaid, and by reason of the matters aforesaid, and of defendant's wrongful acts in erecting and maintaining, or causing to be erected and maintained, the said apparatus and establishment, and carrying on said business as aforesaid, this plaintiff has sustained loss and damage in the sum of ten thousand dollars.

"Wherefore plaintiff demands judgment against said defendant for the sum of ten thousand dollars, besides costs."

*H. C. Day*, for the appellant.

*Sheldon T. Viele* and *Clinton Spencer*, for the respondent.

MACOMBER, J. :

Upon the first trial of this cause there was a disagreement of the jury. A second trial was had which resulted in a small verdict for the plaintiff. It was affirmed by this court in an opinion reported in 59 Hun, 60 ; 12 N. Y. Supp. 603 ; but was reversed by the Court of Appeals in a decision reported in 131 N. Y. 211.

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of a nuisance created by the defendant in operating a factory for the manufacture of asphalt for paving purposes. There was sufficient evidence given on the former trial, which was reviewed by this court, to sustain the plaintiff's allegation that the fumes arising from the asphalt penetrated the house occupied by himself and his family to their great annoyance and discomfort. It was shown that the air of the whole neighborhood was tainted with the odor, and there was some evidence that members of the plaintiff's family became ill thereby. The principal damage, however, for which this action was brought, as is stated by the Court of Appeals in its decision hereinafter referred to, was in the personal discomfort to which the plaintiff was subjected in the occupation of the house. The Court of Appeals reversed the judgment of this court, and granted a new trial upon the ground, as we understand it, that there was no allegation, or proof, that the plaintiff had any title or interest, as lessee or otherwise, in the land which was affected by the nuisance. That court, by ANDREWS, J., says : "The house was owned by the plaintiff's wife, and had been occupied for fourteen years by the plaintiff and his family, and was so occupied

when the manufactory of the defendant was built. The plaintiff, so far as appears, had no lease or other interest in the realty. The family, as is to be inferred, lived in the house by sufferance of the wife. The possession of the house followed the legal title. Both the occupation and the possession, in a legal sense, was that of the wife and not of the husband. (*Martin* v. *Rector*, 101 N. Y. 77.) The husband supported the family. The question presented is, whether under these circumstances a private action can be maintained by the husband for the discomfort caused by the offensive vapors. We find no precedent for such an action by a person so situated." Thence follows a review of the important and controlling cases and authorities upon the question discussed, and the conclusion, as above stated, was reached that the plaintiff could not maintain this action upon proofs as there disclosed, and a new trial was accordingly granted.

The learned counsel for the plaintiff, however, upon the third and last trial, when a nonsuit was directed by the trial court on the ground that the complaint did not state a cause of action, offered to prove certain facts which were stated by counsel in the opening of the case to the jury, the material portion of which was as follows: " That the plaintiff intermarried with his present wife about twenty-two years ago, and that prior to that time he occupied another dwelling in the same block as the one now owned by his wife and occupied by her and the family, but his present wife continued to live with him in his former residence until they removed, with the children, to the present abode mentioned in the complaint; that the plaintiff furnished all the money to purchase the lot and to build the house No. 347 Fourth street, and has ever since occupied, possessed and controlled the same, paying all the taxes assessed thereon, and paying for all the repairs and improvements which have since been made thereto ; that he, the said plaintiff, has ever since the purchase of said premises No. 347 Fourth street, and the building of said house thereon, occupied, possessed and controlled the same under an agreement made by him with his said wife, when said premises were first purchased and paid for by him, and the title thereto taken in the name of his said wife, that he, the said plaintiff, with his said children might occupy the same as a home for himself and his children so long as he lived, and that he might occupy, possess and

control the same as his home the same as he had that in which they were then living."

This offer was objected to and rejected by the court, and thereupon the plaintiff's counsel asked the privilege of amending the complaint by inserting after No. 347 Fourth street, the words, " and ever since the purchase thereof has been and is now in legal possession thereof under an agreement with said wife."

Notwithstanding the elaborate argument addressed to us upon the main question by the learned counsel for the appellant, it is clear that under the decision of the Court of Appeals, in this case, no recovery could be had upon the complaint, and the offer of proof thereunder was, within the reasoning of the Court of Appeals, incompetent.

But it is insisted that the trial court erred in refusing the application of the plaintiff to amend his complaint in the respect above stated. It is apparent, that the proposed amendment was offered in order to meet the objection made by the Court of Appeals. Whether the same should, or should not, have been allowed under section 723 of the Code of Civil Procedure depended upon many circumstances. The appeal book contains no affidavit or other proof excusing the failure of the plaintiff to insert such an allegation in the original complaint. Though the plaintiff upon this question is entitled to the exercise of the discretion of the court at General Term, yet, under the established practice, we should not be justified in reversing a ruling made under the circumstances disclosed, unless some facts were laid before us excusing the failure to insert such an allegation originally ; thus presenting some ground for the exercise of a judicial power. After a protracted and thorough litigation, such as this action has undergone, we think it will not suffice, for the plaintiff merely to rise in court at the trial and ask for an amendment of the character and controlling influence of the one proposed in this instance.

It follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.