JAMES DANIHEE, Appellant, v. JOHN HYATT, Respondent.

1. EJECTMENT. Where the premises are actually occupied, the action of ejectment must be brought against the occupant.

2. OCCUPANCY — HUSBAND AND WIFE. When land is in the actual possession of a married woman, claiming title thereto, acts of her husband performed upon the land for her at her request, in assisting her to maintain her possession against a third party, do not make the husband the occupant of the land, so as to support an action of ejectment against him by such third party.

Danihee v. Hyatt, 81 Hun, 238, affirmed.

(Submitted December 23, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered October 24, 1894, which affirmed a judgment in favor of defendant entered upon the report of a referee dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henderson & Wentworth* for appellant. Honora Hyatt never had any title to or right of possession of the land in dispute. (*Martin* v. *Rector*, 101 N. Y. 77.) The action is brought to recover the possession of land from the defendant who was actually on the land, and who was actually by physical force withholding the possession from the plaintiff. If it was of any advantage to the defendant to have Honora Hyatt, under whom he claimed, joined as defendant with him, he might have set that fact up in his answer and he might have had Honora Hyatt brought in as a co-defendant. (*Cluson* v. *Baldwin*, 37 N. Y. S. R. 213; Code Civ. Pro. § 1496.) It was error for the referee to defeat the plaintiff upon his reasoning that because the defendant entered upon the disputed land and withheld the possession thereof from the plaintiff under the alleged authority of Honora Hyatt, that, therefore, the defendant's possession was the possession of Honora Hyatt. (Code Civ. Pro. § 1502.)

*Inman & Cole* for respondent. The findings of facts by the referee are abundantly supported by the evidence.

(*Martin* v. *Rector*, 101 N. Y. 77; *Valentine* v. *Cole*, 1 N. Y. S. R. 719; *Kavanagh* v. *Barber*, 35 N. Y. S. R. 430.) This action was improperly brought against defendant. (Code Civ. Pro. § 1502.) Plaintiff was never in possession of the disputed strip of land, neither was his grantor, Patrick Keating. (*Danihe* v. *Hyatt*, 35 N. Y. S. R. 717; *Zorn* v. *Haake*, 27 N. Y. Supp. 38.) In the acts of the defendant, which plaintiff contends constitute the cause of action in ejectment against him, the defendant acted as a mere servant of his wife. Ejectment will not lie against a mere servant. (*Shaver* v. *M'Graw*, 12 Wend. 558; Sedgwick & Waite on Titles, §§ 242, 243.)

Martin, J. This action was ejectment to recover the possession of a triangular piece of land lying between premises occupied by the plaintiff and premises in which the defendant's wife has a leasehold interest. On the trial the plaintiff's complaint was dismissed upon the merits, with costs. At the commencement of the action the plaintiff was the owner of a leasehold interest in the premises described in the complaint, which included the land in dispute.

Honora Hyatt is, and for the past twenty years has been, the wife of the defendant. On July 12th, 1882, she became the owner of such leasehold interest under and by virtue of a deed to her from John H. Melhuish and wife. Both the lands of the plaintiff and of the defendant's wife were a part of the Allegany Indian Reservation and within the village of Great Valley. Soon after the defendant's wife acquired her title she entered into the actual possession of the premises thus conveyed, together with the piece of land in dispute, and ever since has actually occupied the disputed land, claiming that it formed a part of the land to which she acquired title under the Melhuish deed. Shortly after obtaining her title, and while in possession of the premises, she graded the land in dispute, making a driveway partly over it and partly upon her adjoining land, which extended from the highway in front to a barn standing upon the rear. About that time she built

or caused to be moved on to her lot a dwelling house, in which she has since resided. Neither the plaintiff nor his immediate assignor was ever in actual possession of the disputed land or any part thereof before the commencement of this action. When it was commenced the plaintiff knew that the defendant's wife was the actual occupant and that she claimed to be the sole and exclusive owner.

In the fall of 1888 the plaintiff constructed a fence along the southerly line of the land in dispute, which was removed by the defendant. In January, 1889, the plaintiff placed a load of wood upon the disputed land, which the defendant removed. He also assisted his wife in placing and fastening a wagon thereon. The defendant, in removing the fence and wood and in placing the wagon upon the land, did so at the request, under the immediate direction of, and solely for his wife, and to aid her in maintaining her possession of the portion of the premises over which this controversy has arisen. He has resided with his wife on these premises during all the time she has lived there, and during a portion of the time has, with her consent, driven his team upon such driveway to and from the highway to the barn. At the time this action was commenced the defendant was not and never had been an occupant of the land in dispute or any part of it, nor has he at any time claimed any title thereto or interest therein. The foregoing is the substance of the findings made by the referee. The record discloses sufficient evidence to justify them. The single question presented is whether, upon those facts, the court erred in dismissing the plaintiff's complaint.

Succinctly stated, the facts are that the plaintiff was the owner of the land in question, but it had never been in his possession. It was in the actual possession of the defendant's wife, who claimed title and the right to the possession thereof. She maintained her possession of it against the plaintiff's efforts to dispossess her. In doing so she employed her husband to assist her. To that end he performed the acts mentioned at her request, with the knowledge of the plaintiff that the defendant was acting for her, and that she alone

claimed the right to such possession. It is difficult, under these circumstances, to find any principle upon which it can be properly held that the defendant was in the actual occupation of the land in controversy, or that he deprived the plaintiff of the possession thereof. All his acts were performed for his wife, avowedly to maintain her possession and not his own. He claimed no right thereto, and the referee has so found. In view of these facts, and the findings of the referee, the possession must be regarded as that of the defendant's wife and not the defendant's.

In *Martin* v. *Rector* (101 N. Y. 77) this court held that since the passage of the acts in relation to the property of married women there is no presumption that the husband is in occupation of the wife's lands, and in an action brought against the husband to recover possession, whether she is occupying them or has given her husband possession, is to be deemed a question of fact. As the finding in this case was adverse to the plaintiff, the possession of the defendant's wife must be treated as conclusively established.

The defendant not being in the actual occupation of the premises, but having performed the acts mentioned merely as a servant or employee of his wife, without claiming title or right of possession, ejectment will not lie against him. (*Shaver* v. *M'Graw*, 12 Wend. 558; *Kerrains* v. *People*, 60 N. Y. 221; *Comstock* v. *Dodge*, 43 How. Pr. 97; *Bristor* v. *Burr*, 120 N. Y. 427, 431.) Where the premises are actually occupied, the action of ejectment must be brought against the occupant. (Code of Civil Procedure, § 1502; *Banyer* v. *Empie*, 5 Hill, 48, 50.) It follows that although the plaintiff is the owner and entitled to the possession of the premises in dispute, he cannot maintain this action because the defendant was not in the actual possession or occupancy of the premises. Thus it becomes obvious that the trial court properly dismissed the complaint.

The judgment should be affirmed, with costs.

All concur, except Haight, J., not sitting.

Judgment affirmed.