NEWMAN v. O'ROURKE et al. (two cases). (Nos. 275, 276.)

(Supreme Court, Appellate Term, Second Department. October, 1914.)

1. FORCIBLE ENTRY AND DETAINER (§ 4*) — "LEGAL OCCUPANCY" — HUSBAND AND WIFE.

    Mere presence of one at the time of his wife's death in premises owned by her, in which he has no right of curtesy, does not constitute a legal occupancy, as regards right of her heirs to have him removed by summary proceedings.

    [Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 5–22; Dec. Dig. § 4.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FORCIBLE ENTRY AND DETAINER (§ 21*)—FINAL ORDER—IMPORTED FINDING.

    The final order for plaintiff in summary proceedings in behalf of heirs of decedent to oust decedent's husband from premises owned by her imports a finding that his presence therein at her death was solely by her sufferance.

    [Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 93–104; Dec. Dig. § 21.*]

3. FORCIBLE ENTRY AND DETAINER (§ 4*)—INTRUDER—HUSBAND IN DECEASED WIFE'S PREMISES.

    The presence of one by sufferance of his wife in her premises ceases to be such immediately on her death, when the legal title descends to her heirs, and he becomes against them an intruder, within Code Civ. Proc. § 2232, subd. 4, as to right of removal by summary proceedings.

    [Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 5–22; Dec. Dig. § 4.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Two summary proceedings by Emanuel Newman, as agent for owners, against Michael O'Rourke and others. From final orders awarding the possession of two separate buildings, at Nos. 108 and 110 Montague street, borough of Brooklyn, to plaintiff, defendants appeal. Affirmed.

Argued October term, 1914, before KELLY, KAPPER, and BLACKMAR, JJ.

Bond & Babson, of New York City, for appellants.

Hirsh & Newman, of Brooklyn, for respondent.

KAPPER, J. Summary proceedings brought on behalf of the heirs at law of the deceased wife to oust the husband from premises owned by the wife and in which the husband had no right of curtesy.

[1-3] The presence of the husband in the premises at the time of the wife's death did not constitute a legal occupancy. The final orders import a finding that the husband was present solely by the wife's sufferance. Martin v. Rector, 101 N. Y. 77, 81, 4 N. E. 183. The legal title was in the wife, so that both the occupation and possession, in a legal sense, was that of the wife, and not of the husband. Kavanagh v. Barber, 131 N. Y. 211, 30 N. E. 235, 15 L. R. A. 689; Danihee v. Hyatt, 151 N. Y. 493, 45 N. E. 939. Immediately upon the death of the wife, the legal title descended to the heirs at law, and the husband was no longer present, even by sufferance, but became, as against the heirs at law, an intruder, within the meaning of subdivision 4 of section 2232 of the Code of Civil Procedure, and the proceedings against him under that statute were proper. Lincoln Trust Co. v. Hutchinson, 65 Misc. Rep. 590, 120 N. Y. Supp. 811, is distinguishable; the occupant there, the widow, being entitled to remain in the house of her husband under the statute for 40 days after her husband's death, and therefore both her entry and possession were lawful.

Final order in each case affirmed, with costs.

KELLY and BLACKMAR, JJ., concur.