## MYGATT et al. v. COE.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

COVENANT OF SEISIN—LIABILITY OF JOINT GRANTOR.

    Where a husband joins with his wife in a deed containing covenants of seisin conveying her separate property, such covenants, being made by one having no title, are broken by the delivery of the deed, and become choses in action, which do not run with the land, and no action lies against him for a breach thereof, by any subsequent grantee, without an assignment of such cause of action.

Appeal from circuit court, New York county.

Action by Sarah M. Mygatt and Angeline E. Darling against George S. Coe for breach of covenant of seisin. Judgment for defendant. Plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Wm. J. Gaynor*, for appellants. *Lyman B. Bunnell*, (*Wm. S. Cogswell*, of counsel,) for respondent.

LAWRENCE, J. The action was brought to recover damages appellants claim to have suffered by reason of their alleged eviction from the premises described in the complaint. In 1858, Ebenezer L. Roberts delivered to Almira S. Coe, wife of the respondent, a deed purporting to convey said premises to her in fee "to her sole and separate use." Under this deed she entered into the occupancy of the said premises, and continued in such occupancy until she conveyed the same to Nancy Fisher, in 1867, by deed, in which this defendant joined; the covenant of seisin being that said Almira S. Coe, at the time, etc., was "seised in her own right of a good, absolute, and indefeasible estate of inheritance in fee simple in said premises, and had good right," etc., "to convey the same." Nancy Fisher mortgaged the premises to appellants for $15,000, and conveyed them, subject thereto, to Henry W. Fuller. Fuller conveyed them to Clara S. Leavitt, who was evicted therefrom by Louise M. Howell and others, on November 30, 1878, by title paramount to that derived from Almira S. Coe. On December 16, 1878, appellants commenced an action to foreclose their mortgage from Nancy Fisher, became the purchasers at the foreclosure sale, and, being unable to obtain possession of the premises, brought this action. This is the second trial of this action, the judgment for plaintiffs on the former trial having been reversed by the court of appeals. It appeared when this case was before the court of appeals (124 N. Y. 212–215, 26 N. E. Rep. 611) that the covenants made by Mrs. Coe and the defendant to Nancy Fisher were made with her, her heirs and assigns, and yet the court held that the defendant was not liable thereon to the plaintiff, to whom the mortgage foreclosed by the plaintiffs was given by Fisher. Under this state of facts, it is difficult to see how it can be held that the plaintiffs are entitled to recover in this action. The question sought to be raised is *res adjudicata;* and the observation in the opinion of the court of appeals

"that it is unfortunate that the deed which fixes the rights of the parties is not contained in the case, but, if a new trial is had, this defect will be remedied, and the exact connection of the defendant with the case made clear," cannot be regarded as an intimation that the court was in doubt as to the correctness of the exposition of the law of the case contained in the opinion. The deed to Fisher, as proven on this trial, contains no limitation upon the nature or effect of the covenants. The covenants are, as they were assumed to be in the opinion of the court of appeals, the usual full covenants of warranty as to seisin, right to convey, against incumbrances, quiet enjoyment, further assurance, and warranty, and all the covenants run to the grantee, her heirs and assigns. The court of appeals were in possession of the fact that all the covenants were joint, but they held that such covenants by one who has no title are broken by the delivery of the deed, and become choses in action; that they do not run with the land, and do not pass to subsequent grantees, without an assignment of the cause of action. No such assignment was proven on the trial. The judgment appealed from must be affirmed, with costs and disbursements.

O'BRIEN, J., concurs.

VAN BRUNT, P. J.   The court of appeals has apparently decided that the plaintiff has no cause of action. If they did not intend to so decide, it must be left to them to say so. I concur.