GLOBE SEWER PIPE CO. v. OTIS et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

CORPORATIONS—SUBSCRIPTION TO STOCK—MONOPOLY.

In an action to recover the amount of a subscription to the capital stock of plaintiff corporation, organized, as stated in its charter, "for the purpose of manufacturing, mining, transporting, and dealing in clay and its products, coal, minerals, and other commodities" defendants cannot set up as a defense that it was orally agreed between the promoters that it was organized for the illegal purpose of creating a monopoly, and controlling the production and prices of the commodities named in the charter. Vinegar Co. v. Schlegel, (Sup.) 22 N. Y. Supp. 407, followed.

Appeal from special term, New York county.

Action by the Globe Sewer-Pipe Company against Ira L. Otis and William L. Gorsline to recover the amount of subscriptions by defendants to plaintiff's capital stock. From a judgment entered on the verdict of a jury in favor of defendants, by direction of the court, and from an order denying its motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Rush Taggart, (Robert W. Taylor, of counsel,) for appellant.

Martin & Smith, (George A. Strong, of counsel,) for respondents.

PER CURIAM. This action was brought by plaintiff, a corporation of the state of Ohio, to recover the amount of defendants' subscription to the stock of the company. The two principal defenses relied upon were that plaintiff had been organized for the unlawful purposes of unduly enhancing prices, controlling and regulating production, and therefore in restraint of trade; second, that the contract of subscription had been canceled, which relieved defendants from their obligation to pay the amount thereof. At the close of the case, on motion, a direction of a verdict in defendants' favor was granted, upon the ground that the plaintiff's organization was unlawful, and that it tended to create a monopoly; the testimony tending to show that it was organized for the purposes of controlling and raising prices, of controlling production and output, and of preventing competition in business. Such purposes, the learned trial judge held, in directing the verdict, vitiated the corporate organization itself, rendering it impossible for such a corporation, with its inherent illegality, "to enforce contracts made in aid of its avowedly illegal objects and purposes." The articles of incorporation recite that the corporation was organized for a legal purpose, viz. "for the purpose of manufacturing, mining, transporting, and dealing in clay and its products, coal, minerals, and other commodities." Upon these facts the question is presented as to whether it is competent, in an action brought by the corporation to recover the amount of a subscription to its capital stock, for a subscriber to show, by way of defense, that it was orally agreed between the promoters that it was organized for another, a different and illegal, purpose, and that this relieves him from his contract and agreement to

pay his subscription. This question has been considered, upon facts presenting the same point, in Vinegar Co. v. Schlegel, 22 N. Y. Supp. 407, (herewith handed down.) We regard that case as controlling in principle, and for the reasons therein given the judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event.