would be thereunder, according as the jury found the contract to be. Various exceptions to the charge are called to our attention, but none of them seem to be of sufficient importance to call for a reversal of this judgment. At the suggestion of the learned counsel for the appellant, when attention was called to the language of the charge, the jury were reinstructed upon the points taken and no exception was taken to such reinstruction. As to the exceptions to the admissibility of evidence, none of them seems to be of sufficient moment to merit special mention. Judgment and order should be affirmed, with costs. Parker, J., concurred.

FOLLETT, J. (dissenting): The plaintiff was employed for the year 1892 as a traveling salesman on a salary of $1,800 and expenses. He made two extended trips through the South and several short ones in this State, and he sold only $180 worth of goods, his traveling expenses being $350. About this there is no dispute. Afterwards he was directed to sell in the city of New York and vicinity, which he did for a time, his aggregate sales being $2,120. The defendant desired that he should continue to sell to the trade in New York and Brooklyn, but the plaintiff refused, and he was discharged June 24, 1862. His total sales for six months were $2,300, which cost the defendant in salary and expenses $1,250. The verdict that the plaintiff was a competent salesman and performed his contract is contrary to the weight of evidence. In contracts for personal services the incompetency of the employee to perform the service which he has undertaken is a sufficient ground for his discharge. It seems to me that the evidence shows that this plaintiff was either incompetent or unfaithful, and that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Charles G. Stevens v. John L. Melcher.—See memorandum on settlement of order.

*Memorandum for settlement of order.—First.* A reference will not be ordered as to insurance premiums, as those only can be allowed which the record before us shows were paid; *second,* as to such amounts we understand Mr. Zabriskie's statement to be correct; *third,* in respect to the $90,000, the order will be in accordance with the suggestions in Mr. Hoadley's proposed order; *fourth,* adopting such course as to the $90,000, there would seem to be no occasion for striking out from the adjudication designated tenth "that the said $100,000 and interest thereon were paid on the 6th day of March, 1894," but it should be modified by adjudging that said legacy was not *fully* paid on the 6th day of March, 1894.

William Robertson and Others, Respondents, v. Alfred Sully, Appellant.—Order affirmed, with ten dollars costs and disbursements. No opinion.

Sarah M. Mygatt and Others, Respondents, v. George S. Coe, Appellant.—Judgment affirmed, with costs.—

PER CURIAM: This action was brought to recover damages for breach of defendant's

covenants of quiet enjoyment and of warranty. The case has been three times tried, twice appealed to this court and twice to the Court of Appeals. (44 Hun, 31; 124 N. Y. 212; 49 N. Y. St. Repr. 781; 142 N. Y. 78.) In view of the discussion which this case has already provoked, it would serve no useful purpose to ventilate anew either the law or the facts, it being sufficient to say that, apart from previous opinions expressed or the individual views of the members of this court, upon the facts as now found, we must regard the last opinion of the Court of Appeals as controlling in respondents' favor. Judgment accordingly affirmed, with costs. Present—Van Brunt, P. J., O'Brien and Parker, JJ.

In the Matter of Edmund E. Murphy.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Delos McCurdy and Another, Appellants, v. New York Life Insurance and Trust Company, Respondent.—Judgment affirmed on opinion on previous appeal.

Max Gabriel and Others, Respondents, v. Shillinger Fire Proof Cement, etc.. Company, Appellant.— Order reversed, with ten dollars costs and disbursements. No opinion.

Harry G. Southwell, Respondent, v. Margaret Humphrey Undy, etc., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

William Sander, Respondent, v. New York Elevated Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

United States Trust Company, Respondent, v. James Drake Black and Others, Appellants.— Judgment affirmed, with costs.—

PER CURIAM : For the reasons given in *Wetmore* v. *St. Luke's Hospital* (56 Hun, 313) the judgment should be affirmed, with costs.

Jacob W. Frank, Appellant, v. Stephen H. Olin, Respondent.—Judgment affirmed, with costs on former appeal. Reported below, 15 N. Y. St. Repr. 161.

Edwin Gomez v. Horatio Gomez.— Motion denied.

The People of the State of New York v. George Herm and Another.— Motion granted.

Morris C. Mengis, Plaintiff, v. Fifth Avenue Railway Company, Defendant.— Motion granted on defendant's giving bond in penalty of $1,000 to indemnify plaintiff against any depreciation of bonds below ninety, their present value.

In the Matter of Bronx Bank (In re Baldwin).— Referee's report confirmed.

Isaac K. Cohn, as Executor, etc., and Another, Appellants, v. Frederick H. Kellogg and Others, Respondents.— No notice of motion or order to show cause has been submitted.

Caroline A. McCready v. William Whaley, as Administrator.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Emory M. Van Tassel, Appellant, v. Greenwich Insurance Company of New York, Respondent.— Judgment affirmed on opinion on previous appeal.

Southern Cotton Oil Company, Appellant, v. Prudential Fire Association of New York, Respondent.— Judgment affirmed on opinion upon previous appeal.