SARAH MATILDA MYGATT and ANGELINE E. DARLING, as Surviving Trustees of SARAH MATILDA MYGATT, under the Will of JACOB A. ROBERTSON, Deceased, Respondents; *v.* EDWARD P. COE, as Ancillary Executor, etc., of GEORGE S. COE, Deceased, Appellant.

*A stranger to a deed cannot bring ejectment unless he shows privity of estate — matters not establishing privity — covenant as to a wife's title to land occupied by both husband and wife, of which she had the record title — it does not run with the land.*

Privity of estate is essential to support a right of action by a stranger to a deed upon its covenants of warranty and quiet enjoyment when there has been an eviction by paramount title.

A husband, who lives with his wife on real property, the record title of which is vested in his wife, has no such interest in the property as will make his covenant

in a deed thereof executed by him and his wife, to the effect that his wife is lawfully seized thereof in fee simple free from incumbrance and has good right to convey, run with the land.

The fact that the negotiations for the sale of the land and of certain furniture, etc., were had with the husband, who executed the agreement of sale in his own name and was paid and receipted on the back of the contract for the personal property which belonged to him, delivered the deed and received the purchase price in a check to his order, and received and receipted for the payments of interest on a mortgage taken by the wife, does not change the husband's interest or position in respect to the title to the property.

The presumption being that legal possession follows the ownership of land, where the owner is in actual possession and in the enjoyment of the premises something more than mere occupancy upon the part of another must be shown in order to abridge the title of the true owner.

APPEAL by the defendant, Edward P. Coe, as ancillary executor, etc., of George S. Coe, deceased, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of October, 1896, upon the decision of the court, rendered after a trial at a Trial Term of the Supreme Court, held in and for the county of New York, before the court without a jury.

The action was brought to recover damages for an alleged breach of covenants of warranty and of quiet enjoyment, contained in a deed of certain premises, to which the plaintiffs subsequently acquired title, and in which the defendant's testator, who was the husband of the owner of the record title thereof, had joined.

*Joseph H. Choate* and *W. S. Cogswell*, for the appellant.

*Edward M. Grout*, for the respondents.

VAN BRUNT, P. J.:

This case has been several times before the General Term, and also before the Court of Appeals, and it does not seem necessary to call attention to the history of decision as affecting the cause of action attempted to be recovered upon. All that appears to be required in the disposition of this appeal is to examine the record for the purpose of ascertaining whether or not such additional evidence has been offered as would bring the case within the rule laid down by the Court of Appeals in its decision upon the last appeal to that court. The court said (147 N. Y. 641) that "the case had

always involved in it a narrow question of law depending on a narrow question of fact, and the difficulty has been, first, to determine the nature and character of the proofs necessary to establish the fact, and then to apply the law to a case resting upon some peculiar features." It was held to be the law of the case that privity of estate was essential to support a right of action by a stranger to the contract upon the covenants of warranty and quiet enjoyment when there had been an eviction by paramount title. And the question considered by the court was whether there was sufficient evidence to show that the then defendant in this action had any title to, or interest in, the premises in question, in respect to which he had made his covenant, which in any way abridged the title of his wife to the premises, the record title of which stood in her name alone.

The trial court had found as a fact that the defendant was in possession at the time of the conveyance, and that he had the legal possession of the property, and so an estate in it which would support the covenant; and the inquiry of the Court of Appeals upon the last appeal was whether this finding was supported by the evidence, and it was held that there was no evidence from which that fact could have been found unless such acts as grow out of the marital relations, and which would exist in every case where a husband lived with his wife in her house, upon her land, are deemed to be sufficient.

The evidence at that time showed that the record title to the premises in question was in the name of the wife, and that the deed of conveyance was executed by the wife and the husband, it being covenanted in the deed that at the time of the execution of the same the wife was lawfully seized in her own right of a good, absolute and indefeasible estate of inheritance in fee simple, free from all incumbrances, and had good right, full power and lawful authority to grant, bargain, sell and convey the same. The evidence also showed that prior to the conveyance the husband had incurred and paid charges for maintaining the premises and keeping the same in repair, and had paid taxes thereon, and that he had resided upon the premises with his wife and family. It further showed that the husband denied that he had any right or interest in the property of any kind whatever, and that when the conveyance above mentioned was delivered the husband and his family moved out of the premises and

the grantee took possession of the same. These facts, the court held, were insufficient to establish the finding that the defendant was in possession, having any estate or interest in the premises, or that he conveyed anything by the deed, or that he surrendered any right he had when he left the premises.

The additional evidence upon the new trial established the fact that the grantee mentioned in the deed of the premises called at said premises with a view of buying the same, and they were shown to her by the wife; and for the purpose of fixing the terms and concluding the bargain for the sale of the property she referred the purchaser to her husband. Pursuant to appointment he met the proposed purchaser, and then and there such purchaser negotiated with the husband for the sale of the premises, and of certain furniture and personal property then on the premises, for the aggregate sum of $19,000. The husband executed the agreement of sale in his own name and he was paid and receipted for said personal property which belonged to him. This receipt was indorsed upon the back of the contract. When the deed came to be delivered the husband was present and not the wife. The purchase money was paid to the husband by checks to his order. A mortgage upon the premises was taken to the wife, and all the payments of interest (but one which the wife receipted for) were made to the husband, who receipted for the same.

We fail to see that the additional evidence in any respect altered the situation from that which existed when the case was last before the Court of Appeals. The husband had deliberately inserted in the deed that his wife was the sole owner of the premises, which was in accordance with the record, the premises having been conveyed to her alone; and none of the acts done by the husband in connection with the sale of the property were different from those which would be done by an agent acting for another in the sale of premises of which he had full charge.

But it may be said that the husband executed the contract in his own name, which was an assertion upon his part that he had something to convey. But how is this contract to be so potent that it does away with the formal declaration of the husband under seal that he had no title, and that his wife was the sole owner of the premises and entitled to convey the same free from all incumbrances?

The presumption being that legal possession follows the ownership of land, where the owner is in actual possession and in the enjoyment of the premises, something more than mere occupancy upon the part of another must be shown in order to abridge the title of the true owner.

Suppose Mrs. Coe had executed a conveyance of these premises alone, and the husband had refused to give possession, would any court have listened for a moment to any claim of title or right to possession which the husband could have established by such evidence as this? Clearly not. And unless he had some title by which the estate of his wife was abridged, and by which he would have possessed, if he had not executed the deed, some right to and interest in the premises, the plaintiff in this action cannot recover as held by the Court of Appeals. Indeed, the whole evidence shows that all the acts done were such as grew out of the marital relation and such as would be likely to exist where the husband lived with his wife in her house upon her land and transacted her business for her as her agent. This the Court of Appeals has held to be insufficient.

There is no evidence that the wife, by any act or agreement upon her part, express or implied, had surrendered to her husband any interest in the property, or had done anything which necessarily took from her some right or incident ordinarily pertaining to the ownership of real estate. As already suggested, what court would listen for a moment to any claim of title in the husband if he had not joined with his wife in the deed? Suppose an execution had been issued against the husband, what right or interest in this estate could have been sold? Clearly none. Upon what basis, therefore, is the claim to rest that he had any title or interest in these premises which was adverse to that of his wife, which in any way diminished her estate?

Our attention has been called to the case of *Alexander* v. *Hand* (64 N. Y. 228) as an authority establishing the claim of the plaintiff. The facts in that case were entirely different from those in the one at bar. In the case cited, the husband had built the house upon the land of the wife, in which he lived with his family, having possession and control thereof. He operated the farm in his own name, owning the stock upon it and providing for his family, and the

court held that a jury would be justified in finding that his wife had put him in possession of the farm, and consented to his building upon and occupying it in his own name and on his own account. No such extreme facts appeared in the case at bar, and none of the things done by the husband in connection with this property, as already stated, exceed those which would be ordinarily done by the husband who was living with his wife upon her property and looking after her interest.

We think, therefore, that the finding of the court below was erroneous, and that the judgment appealed from must be reversed and a judgment entered in favor of the defendants, adjudging that the husband had no estate in the premises in question capable of sale and conveyance, with costs of the court below and of this court, and an extra allowance of five per cent.

BARRETT, RUMSEY and O'BRIEN, JJ., concurred; INGRAHAM, J., taking no part.

Judgment reversed and judgment entered as directed in opinion, with costs of the court below and of this court, and an extra allowance of five per cent.