Lucas *v.* Johnson.

---

SAME TERM.    *Before the same Justices.*

## LUCAS *vs.* JOHNSON and others.

In an action of ejectment brought against the defendants as trustees of a church, it is proper to submit the question to the jury as to whether the defendants were actually in possession, or only constructively, as trustees.

If there be an actual occupant he must be named as defendant, in ejectment. If the premises are actually occupied, it is immaterial who claims to be the owner. A claim or pretence set up by other persons, in conversation, will not, in such a case, justify an action against the latter.

But if there be no actual occupant, ejectment may be brought against a person claiming title. There must be a serious intentional claim of ownership, however. An idle declaration that the party owns the premises will not be sufficient.

A church edifice, actually used and occupied by a religious society for the purpose of religious worship, and not used in any other way, or by any particular individual, will be deemed to be in the actual occupancy of the corporation; and ejectment must be brought against the corporation. It will not lie against the trustees, or other officers of the church.

Trustees of a church, *qua* trustees, can have only constructive possession of the church edifice, by reason of having the right of possession.

Lucas *v.* Johnson,

THIS was an action of ejectment, tried at the Ontario circuit in February, 1849, before Welles, justice.   The suit was brought against the defendants as " trustees of the 2d Baptist Church and Society of the village of Geneva, a religious corporation under and by virtue of an act of the legislature of this state entitled ' An act to provide for the incorporation of religious societies,' passed April 5, 1813, and the several acts amendatory of the said act."  ,The plaintiff, by his declaration, claimed to recover the one equal undivided third part of the premises .therein described.   Plea, the general issue.   The plaintiff claimed title to the premises by virtue of a purchase thereof at a sale made by order of the court of chancery, on the petition of the trustees of the 1st society of the Methodist Episcopal Church in Geneva. And he read in evidence a deed from the said 1st society of the Methodist Episcopal Church to himself, John Bland, and Charles Kenny, dated Jan. 1, 1841, and executed by Elijah Hebard as president of the said society.   It was proved that Hebard was president of the 1st society of the Methodist Episcopal Church, at the date of the deed, and that the signature to the deed was his, and that the seal affixed was that of the society.   It was also proved that the premises were sold at auction ; and were bid in by the plaintiff for something over $600.   That at the time of the sale there was a meeting house on the lot, which was occupied by the Methodist Episcopal society as a church, and it had been occupied in no other way ; that there were no buildings on the lot, except the church.   That the premises still remained in the same condition ; and that since the purchase thereof by the plaintiff the house had been occupied as a church, by the second Baptist church and society of the village of Geneva ; and that it had not been occupied for any other purpose. The plaintiff proved a demand of possession made by him, of each of the defendants, except Lincoln, and a refusal to give it up, or to acknowledge his right to one-third of the property. At the time possession was demanded of the defendants, they said the house was in their possession, and they would hold it ; that it belonged to them.   The plaintiff having rested, the defendants moved for a nonsuit on the following grounds.  Because

Lucas *v.* Johnson.

the declaration admitted that the defendants were the trustees of a religious corporation in the village of Geneva, and that there was such a corporation, duly organized under the statute. And that such being the case the court would hold that the fact of the existence of such a society, and that the defendants were its trustees at the commencement of this suit, was fully established, and must be taken as proved. That there was no proof of any occupation of the premises in question, by the defendants. That the only occupation shown by the plaintiff was that of the church building, by this society, for church purposes. That the revised statutes require that where premises are actually occupied, the action of ejectment must be brought against the actual occupants, and that this religious society being such actual occupants, this suit should have been brought against it, and not against the defendants as individuals. That there was no sufficient proof of any ouster, and none whatever as to the defendant Lincoln. That an ouster could not be established against a corporation, by proof of a demand, unless such demand was made at an official meeting of the trustees or other proper officers of the corporation. The judge denied the motion for a nonsuit. The defendants' counsel then proved that on the 8th of Feb. 1843, the plaintiff, as chairman of the board of trustees of the 2d Baptist church and society in Geneva, executed a deed or lease in perpetuity of a pew in said church to Jason Jeffray, to which the seal of the church was affixed. A witness was asked whether he knew the 2d Baptist church and society of Geneva? The counsel for the plaintiff objected to this question, on the ground that it assumed the existence of such a corporation, when there was no proof that there was any such body. The court decided that for the purposes of this suit the declaration admitted that the 2d Baptist church and society were a legal corporation, and that the defendants were its trustees; and that no proof to establish those two propositions need be offered by the defendants. The plaintiff excepted. The witness testified that he knew the society and had been connected with it, as clerk of the board of trustees. That there was no other society of the same name in Geneva; and that the premises in

question had been occupied by this society for several years. It was also proved that the plaintiff himself had rented two pews, and the same had been occupied by his family. That the defendants had been trustees of the society for several years; and that they had had no control over the property, or any thing to do with it, except as trustees. This proof was objected to, on the ground that the defendants could not prove they were trustees, by parol. But the justice overruled the objection, and the plaintiff's counsel excepted. It was also proved that at the time of the purchase of the premises in question at the chancery sale, there was a society in existence, styled *the 2d Baptist church*, of which the plaintiff, Lucas, John Bland and Charles Kinney were trustees, which society continued to worship in the house for two or three years after the purchase. The 2d Baptist church and society of the village of Geneva was not organized until some time in 1844. But that although the name had been changed, the same people who purchased the house had ever since occupied it. That at a meeting of the society in 1843 or 1844, convened for the purpose of appraising the pews of the church, the plaintiff was present, and acted as one of the board of trustees; that there was an estimate made of the value of the pews, in which he took part. The testimony being closed, the defendants renewed their motion for a nonsuit, upon the grounds above stated. And the counsel for the plaintiff declaring that they did not wish to go to the jury on the question whether the defendants' possession of the premises was in their individual right or as trustees of the corporation, the justice held that if such possession was by the defendants as such trustees, the plaintiff was not entitled to recover in the present action; that the plaintiff was at liberty to go to the jury on that question. But as they did not wish to contest the question, the justice ordered the plaintiff nonsuited; and he was nonsuited accordingly.

*John C. Strong*, for the plaintiff.

*T. R. Strong*, for the defendants.

Lucas *v.* Johnson.

*By the Court,* JOHNSON, J. At the close of the evidence, upon the trial, the justice refused on the defendant's motion to nonsuit the plaintiff, but decided to submit the question of the defendants' possession to the jury to find whether they were in possession personally or only as trustees of the 2d Baptist church and society in Geneva; in other words, to determine whether the defendants were in possession, or the corporation through them as its officers. The plaintiff declined going to the jury on that question of fact, and was nonsuited by the justice. The plaintiff's counsel insists that it is immaterial what the character of the defendants' possession was; that having admitted themselves to be in possession, the action can be maintained against them, whether they were acting as agents for the corporation or otherwise. The question of possession was a material one on the trial. Without proof of the defendants' possession at the commencement of the action, the plaintiff could not make out his case. This question the defendants had a right to controvert, and to show that some other person or body was in possession claiming a right; and this question of fact was for the jury to determine. In *Helms' Lessee* v. *Howard,* (2 *Har. & McHen.* 76,) the court said that "with what intention, by what right, a person entered into land and possessed it, and to what extent, were questions of fact proper for the consideration and determination of a jury." This is necessarily so, because the actual occupant must be named as defendant, and it is immaterial who claims to be the owner, if there be an actual occupant. (2 *R. S.* 204, § 14. *Shaver* v. *McGraw,* 12 *Wend.* 558.) If there be no actual occupant, then the action may be brought against a person claiming title. And it is competent for the defendant to show to the jury that he is laboring upon the premises as the mere servant of another. An idle declaration that the party owns the premises will not be sufficient. It must be a serious intentional claim of ownership. (*Banyer* v. *Empie,* 5 *Hill,* 48.)

It then became a material question on the trial whether the premises were occupied at all. If occupied, whatever claim or pretence the defendants or others might set up in conversation

Lucas v. Johnson.

amounted to nothing towards maintaining the action. The building was a meeting house, and the proof clearly shows that it was *actually occupied*, on the sabbath, by the clergyman who officiated and the congregation who worshipped there, and that it was occupied at no other time and in no other way, except occasionally when other meetings were held there, by any one. This society or congregation was known and recognized as the second Baptist church and society of the village of Geneva, which, as the plaintiff in his declaration alledged, was a religious corporation duly incorporated under the laws of this state. Now who were the actual occupants? The defendants attended there to worship as others did. But I think no individual or number of individuals can be said to have been actual occupant, or occupants, in the sense of the statute, by merely attending there at stated or occasional intervals. And yet the house was actually occupied. The actual occupant must have been the corporation. A corporation can be an actual occupant and acquire a freehold by disseisin. (*Ang. & Ames on Corp*. 151.) And it is clear enough that trespass and ejectment in this country will lie against a corporation. (*Id*. 39. *Dexter* v. *Troy & Sch. Railroad Co*. 2 *Hill*, 629. *Bloodgood* v. *M. & H. Railroad Co*, 18 *Wend*. 9. *Brown* v. *The S. & U. Railroad Co*. 5 *Hill*, 554.) Premises of this description, actually used and occupied by a society for the only purposes for which they are designed and held and in no other way and by no particular individual, must, I think, from the very nature and necessity of the case, be adjudged to be in actual occupancy of the corporation. So that the suit must be brought against the corporation, and will not lie against one of its officers or members who merely attends there for worship. If the agent, officer, or member actually reside upon the premises, the suit might unquestionably be brought against him. But when it is used only as a meeting house its actual occupant is the corporation, and ejectment will lie against that only. Trustees of a church *qua* trustees, can have only constructive possession by reason of having the right of possession. (*People* v. *Runkle*, 8 *John*. 363.)

The judge was, I think, clearly right in deciding to submit

the question to the jury as to whether the defendants were actually in possession, or only constructively as trustees. And the plaintiff having declined to go to the jury on that question, was properly nonsuited.

It was, I think, competent for the defendants to prove by parol what body of people occupied the house, and how they were commonly designated and known. The plaintiff was precluded by his declaration from denying that it was a legally constituted body.

New trial denied.

--------•◆•--------

WASHINGTON SPECIAL TERM, March, 1850. *Hand*, Justice.