JAMES DANIHEE, Appellant, v. JOHN HYATT, Respondent.

*Ejectment — maintainable against the occupant — a husband living with his wife on her land is not an occupant.*

Where a husband and wife both live on premises which have been conveyed to the wife, the purchase price of which she has paid out of her own money, the wife is the actual occupant of the property, and the proper party defendant in an action of ejectment in regard to such property, and the bare fact of their residing in the same dwelling does not make the husband either a sole or joint occupant.

When premises are actually occupied, an action of ejectment must be brought against the occupant, and such action cannot be maintained against a person who is not in the occupation of the premises in dispute, and who does not claim to be either the owner or entitled to the possession thereof.

APPEAL by the plaintiff, James Danihee, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 9th day of April, 1894, upon the report of a referee dismissing the plaintiff's complaint upon the merits.

*William H. Henderson*, for the appellant.

*Inman & Cole*, for the respondent.

LEWIS, J.:

This is an action of ejectment brought to recover a small triangular piece of land in the village of Salamanca. It has been twice tried before a referee, and resulted each time in a judgment dismissing the plaintiff's complaint.

The plaintiff and the wife of the defendant are owners and occupants of adjoining village lots, obtaining their title from a common grantor, each claiming to own the premises in dispute. The wife of the defendant, when she became the owner of her premises, took possession of the piece in dispute, graded and prepared the same as a driveway to a barn upon her lot, and continued to occupy the same as a part of her premises down to the time of the commencement of this action.

The plaintiff, after obtaining title to his lot, caused a survey thereof to be made, which, as he claimed, showed that the premises in dispute were a part of his lot, and he thereupon caused to be

erected upon the line between his and Mrs. Hyatt's lot, as run by the surveyor, a fence, which the defendant at once removed. The plaintiff again attempted to take possession of the premises by placing firewood thereon, which the defendant at once removed. The defendant and his wife placed a wagon upon the land in dispute and fastened it to a post by means of a chain, and this action was thereupon commenced.

We held upon the first appeal (68 Hun, 255) that the evidence, as then presented, established that the defendant had assumed to exercise such dominion over the premises to the exclusion of the rights of the plaintiff, and had taken actual and ostensible possession of the land, which he had maintained down to the time of the commencement of the action, all of which he had apparently done upon his own responsibility, and that under the facts as they then appeared it was error to dismiss the plaintiff's complaint without a finding and decision adverse to him on the issue of title made by the pleadings. The action went back for trial before another referee. He found the title to the land in dispute to be in the plaintiff, but directed judgment dismissing the plaintiff's complaint on the ground that the plaintiff had failed to show the defendant in possession of the land or that he had claimed any title or interest therein, and from the judgment entered upon the report this appeal was taken.

The evidence, as presented upon this appeal, is materially different from that upon the first appeal. There is now evidence tending to show, and the referee has found, that Honora Hyatt, the wife of the defendant, became the owner of her household premises in the year 1882, and that she entered into possession thereof and has ever since actually occupied the same, including the piece in dispute; that neither the plaintiff nor his immediate assignor was ever in the actual possession of the disputed land or any part thereof; that the plaintiff knew when he commenced his action that Honora Hyatt was the actual occupant of the land in dispute, claiming to be the sole and exclusive owner thereof; and that all that the defendant did in removing the fence and the wood, and in attempting to hold possession of the premises, was done by him at the request and under the direction of, and for his wife, and not on his own account.

The defendant was called as a witness and testified: "I told him, (the plaintiff) the woman was not going to let him get possession

that way, and that I had torn the fence down. * * * I went out and told him the woman did not want any post holes dug there, and would not have any. My wife was in the house, but came to the door, and she saw what was going on. * * * My wife told me to go out there and tell the plaintiff not to put any wood there, and if he did, to throw it off. I went out there. My wife went out of the front door near where they were. I told the plaintiff the woman did not want any wood there, and she told him the same thing. As they threw the wood off the wagon I threw it off the driveway. I had never at any time claimed to occupy this land, or claim any interest in it. Whatever I did was only when and as directed by my wife. My wife and I chained the wagon between the posts. I supposed that was done to keep possession; that was the idea."

Defendant's wife testified that she informed the plaintiff that she claimed the land in dispute; that it was her land; that she owned it and not her husband, and whatever her husband did to maintain the possession of the land was done by her direction.

The defendant was living with his wife. She was in possession of the disputed premises, claiming that the same was included within the boundaries of her lot. Possession, under the circumstances, in a legal sense, was that of the wife and not of the defendant. (*Kavanagh* v. *Barber*, 131 N. Y. 211–213.) Where a husband and wife both live on premises which have been conveyed to the wife, who paid the consideration out of her own money, the wife is the actual occupant and the proper party defendant. The bare fact of their residing together in the same dwelling does not make the husband either sole or joint occupant. (*Porter* v. *McGrath*, 9 J. & S. 84–101; *Martin* v. *Rector*, 101 N. Y. 77.)

When the premises are actually occupied the action of ejectment must be brought against the occupant. (§ 1502, Code Civ. Proc.; *Banyer* v. *Empie*, 5 Hill, 48.)

In *Rowe* v. *Smith* (45 N. Y. 230) the wife and her husband resided together upon the wife's land. The action was against the wife for a trespass by her cattle, which were used in connection with the real estate for the support of the family. It was held the action was properly against her alone, notwithstanding her husband and children resided with her upon the land.

In *Stewart* v. *Patrick* (68 N. Y. 450) the defendant and his wife were joint tenants. It was held that the action would have been defective without the wife as a party.

*Lucas* v. *Johnson* (8 Barb. 244–248) was an action of ejectment brought against the defendants as trustees of a church. It was held that the church was occupied by the corporation and that the suit should have been brought against it and not against the trustees.

It appearing that the defendant was not in the occupation of the premises in dispute, and did not claim to be the owner or the person entitled to possession thereof, the referee correctly held that an action of ejectment could not be maintained against him.

It follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed.