(1 App. Div. 145.)

## WEBB v. STAVES.

(Supreme Court, Appellate Division, Third Department. February 3, 1896.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—INAPPROPRIATE PRAYER FOR RELIEF.
    In an action by an execution creditor to subject to the satisfaction of his debt a chattel which defendant had seized under a mortgage given to him by the debtor, the complaint alleged the obtaining of judgment, the issue and return of execution thereon unsatisfied, the execution and delivery of the chattel mortgage to defendant, and that it was not filed as required by law; and asked judgment declaring it void, and that defendant be adjudged to pay plaintiff the value of said chattel, or so much thereof as should be necessary to pay plaintiff's judgment in full, and for such other relief as may be just. *Held*, that because plaintiff asked for money judgment against defendant was no reason for denying him such relief as he should show himself entitled to.

2. SAME—FRAUDULENT TRANSFER OF PERSONAL PROPERTY.
    An action to set aside a transfer of personal property as in fraud of creditors may be maintained in the same manner as an action to set aside a conveyance of real estate property, and it is immaterial whether the transfer is void because fraudulently made, or because the instrument of transfer was not filed as required by law.

Appeal from special term.

Action by Charles E. Webb against Nellie C. Staves, impleaded with Edgar Wilkins. There was a judgment in favor of defendant Staves, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

James H. Bain, for appellant.

HERRICK, J. The facts in this case are undisputed. On the 11th day of April, 1894, the defendant Wilkins executed and delivered to the plaintiff his certain promissory note, dated that day, for $50, payable in eight months after the date thereof, the same being given in part payment of the purchase price of a pop-corn wagon and appurtenances, purchased by the defendant Wilkins from the plaintiff. On the 25th day of April, 1895, the plaintiff recovered judgment, in an action upon such promissory note, for the sum of $71.17, damages and costs; and execution was issued thereon, on the 27th day of April, 1895, and was returned wholly unsatisfied, before the commencement of this action. On the 5th of April, 1894, the defendant Wilkins executed and delivered to one John H. Sanborn a chattel mortgage upon the said pop-corn wagon and appurtenances, to secure the sum of $75. Such chattel mortgage was not filed in the town clerk's office until September 4, 1894, and the mortgaged property remained in the possession of the defendant Wilkins until March 30, 1895. Sanborn died, intestate, September 5, 1894, and letters of administration were duly issued to defendant Nellie C. Staves, on the 8th day of November, 1894. On the 30th day of March, 1895, the defendant Staves took possession of said pop-corn wagon and appurtenances, and claims the same as administratrix, under the chattel mortgage given to Sanborn. It is admitted that the defendant Wilkins, at the time of the commence-

ment of this action, and of the trial thereof, had no other property out of which the plaintiff's judgment could be collected. It is argued that the value of the pop-corn wagon and appurtenances is the sum of $71.70. The plaintiff commenced this action, setting forth the giving of such note, the obtaining of the judgment thereon, the issue and return of the execution unsatisfied, the execution and delivery of the chattel mortgage, and the nonfiling thereof; and asked judgment against the defendants, declaring the chattel mortgage void and of no effect, and that the defendant Staves be adjudged to pay plaintiff the value of said pop-corn wagon, fixtures, and appurtenances, or so much thereof as will be necessary to pay the full amount of the judgment recovered by the plaintiff against the defendant Wilkins, with interest and costs thereon, together with the costs of this action, and for such other relief as may be just. The case was tried by the court without a jury, the facts being found as herein above stated. Judgment was rendered in favor of the defendant, from which judgment the plaintiff appeals to this court.

That the chattel mortgage in the case was void as against the plaintiff does not seem to have been questioned. The only question that arises is as to whether the plaintiff has taken the proper legal steps to enforce his rights against the property, the possession of which has been taken under a mortgage which, as to the plaintiff, is void. The trial court proceeded upon the theory that it was necessary to procure the appointment of a receiver before commencing the action, citing the case of Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11. That case only went to the extent of deciding that a receiver can maintain an action of this nature. It did not decide that a receiver must necessarily be appointed, before an action could be commenced to reach the mortgaged property or the proceeds thereof. Judgment creditors' actions, brought by judgment creditors in person, to set aside conveyances of real estate alleged to have been fraudulently made, are quite common. The cases of Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9, Kitchen v. Lowery, 127 N. Y. 53, 27 N. E. 357, Erickson v. Quinn, 47 N. Y. 410, and Haswell v. Lincks, 87 N. Y. 637, are examples of actions of that character. I can see no distinction in principle between actions brought to recover the possession of real estate where the conveyance thereof is claimed to be void, and actions brought to recover the possession of personal property, or the proceeds thereof, for the same reason. Neither can any distinction be made, upon principle, between cases where the transfer is void because fraudulently made, and those where the transfer is void because the instrument has not been placed on file. In the case of Stephens v. Perrine, supra, in passing upon the point as to whether a receiver in supplementary proceedings could maintain such an action, the court said:

"It has been decided by this court that such a receiver can maintain an action of this nature where the assignment or mortgage is void on the ground that it was executed for the purpose of defrauding creditors, and we think the same principle reaches the case where the mortgage is void because it was not filed and there was no change of possession. We see no distinction.

between the two cases so far as this question is concerned. The mortgage, as already stated, is equally void in both cases."

I proceed, then, upon the theory that, in an action in the nature of a judgment creditor's action to reach the property of the judgment debtor, or its proceeds, and have it applied in satisfaction of the judgment creditor's claim, the judgment creditor can take the same proceedings against personal property that he can against real, and that it makes no difference whether the conveyance by which the debtor has disposed, or attempted to dispose, of his property, is void because fraudulently made, or void for any other reason, so long as it is void as against the proceeding creditor. What then are a judgment creditor's remedies in such cases? In the case of Erickson v. Quinn, 15 Abb. Prac. (N. S.) 166, Judge Allen, in speaking for the court of appeals, said:

"The judgment creditors of O'Malley, in pursuing their remedy against lands alleged to have been fraudulently conveyed, had the choice of three proceedings: First, they might have sold the premises by execution on the judgment, and left the purchaser, after his title should become perfect by a deed from the sheriff, to contest the validity of the defendant's title, in an action of ejectment; or, secondly, they might have issued their execution, and brought their action to remove the fraudulent obstruction, and awaited the result of the action before selling the property; or, thirdly, they had the right, upon the return of the execution unsatisfied, to bring an action in the nature of a creditors' bill, to have the conveyance to the defendant adjudged fraudulent as against their judgment, and the lands sold by a receiver or other officer of the court, and the proceeds applied to the satisfaction of the judgment, as equitable interests and things in nature of a judgment debtor are reached and applied to the satisfaction of judgments against them."

I do not think that, because the plaintiff asked for a money judgment against the defendant, he should have been turned out of court without any relief. The facts proved upon the trial show that he was entitled to resort to the pop-corn wagon and its appurtenances, in satisfaction of the judgment obtained by him; and if he failed to ask for the appropriate relief, it was no reason why he should be denied all relief. In Murtha v. Curley, 90 N. Y. 372–377, it appeared that the defendant Doyle was indebted to the plaintiff in the sum of $500, to the defendant Curley the sum of $500, and to one other person the sum of $300. The defendant Doyle was the owner of a large amount of personal property, worth about $3,500, upon which he gave the defendant Curley a mortgage for the nominal amount of $3,100, which mortgage was kept, by renewals or new mortgages, from the year 1872 until the year 1878, at which time the defendant Curley foreclosed the last mortgage given to him, although there was nothing actually due thereon at the time, and converted the proceeds of the property to his own use. In 1878, the plaintiff recovered judgment upon his demand against Doyle, and an execution was issued thereon, and returned unsatisfied, whereupon the plaintiff brought his action, asking that such mortgages be declared fraudulent and void, and that the defendants be compelled to pay him the amount of his judgment, with interest thereon, besides the costs of the action. Upon the trial, it was found that the mortgages were fraudulent and void as against the plaintiff, and were made with the intent to hinder, delay, and defraud

him in the collection of his claim, and that, by reason thereof, he suffered damage to the amount of his judgment. Judgment was rendered against the defendants for the amount of the judgment, with interest and costs. Upon an appeal to the court of appeals, the court said:

"The facts alleged show that the mortgages were void as to the plaintiff, and the only relief the plaintiff needed was that Curley should pay him out of the money received by him from the debtor's property, or to the extent of the value of such property taken and converted by him. Hence, there can be no reasonable objection to the judgment prayed for. Even if the prayer for judgment was defective for equitable relief, an answer having been interposed, the plaintiff could have any relief 'consistent with the case made by the complaint, and embraced within the issue.' Code, § 1207. Under our present system of practice, a plaintiff is not to be turned out of court, when an answer has been interposed, because he has prayed for too much or too little, or for wrong relief. * * * Under the circumstances of this case, judgment for the recovery of the precise sum of money claimed was the proper judgment; and the form of the judgment does not stamp this as a legal, rather than an equitable, action. A court of equity adapts its relief to the exigencies of the case in hand. It may restrain or compel the defendant; it may appoint a receiver, or order an accounting; it may compel specific performance, or order the delivery to the plaintiff of specific real or personal property; or it may order a sum of money to be paid to the plaintiff, and give him a personal judgment therefor. * * * The plaintiff was a vigilant creditor, and had priority over other creditors, if there were any. But there appears to have been but one other creditor of Doyle, and that one Fitzsimmons, and his claim was apparently barred by the statute of limitations. Besides, the property was sufficient to pay the plaintiff, Fitzsimmons, and Curley. Under such circumstances, all the relief that the plaintiff needed was to compel Curley to pay him. There was no property to be sold. He had converted it, and had the proceeds. No receiver was needed, and there were no accounts to be taken or stated. The judgment ordered was therefore proper."

The only substantial difference between that case and the case at bar is that in the one case the property has been sold and the defendant had the proceeds, and in this case the defendant Staves has, or had at the time of the commencement of this action, the property still in her possession.

In the case of Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, the plaintiff was an infant and sole heir at law of his mother, Catherine Valentine. During her lifetime, by fraud and undue influence, she had been induced to convey her property, without consideration, to the defendant Richardt. He, in turn, sold it to the defendant Austin. Austin executed a mortgage upon it to the defendant Lunt. The plaintiff brought an action to set such conveyances and mortgages aside, and the relief demanded was that the conveyances by the plaintiff's mother to Richardt, and by him to Mrs. Austin, and by Mrs. Austin mortgaged to Mrs. Lunt, be declared void and canceled, "and for such further or different judgment as may be just." Upon the trial, the court found, in effect, that the defendant Richardt had procured the conveyance from the plaintiff's mother by fraud and undue influence, and without consideration; that the defendant Austin, however, was a bona fide purchaser for value, without notice, and entitled to hold the property as against the plaintiff; and the court, instead of setting aside the conveyance, as prayed for, gave the plaintiff a money judgment

against the defendant Richardt, upon the principle that, the deed to the defendant Richardt having been procured by fraud and undue influence, the title to the land, as between the plaintiff and his mother, remained in her, and descended to the plaintiff at her death, and that the plaintiff had the right to call upon Richardt to restore such property to him; but that, the defendant Richardt having, by his own act, in conveying the land to a purchaser in good faith, and without notice, prevented the plaintiff from recovering the land, it was but just and equitable that he should restore to the plaintiff an equivalent in money, not as damages, but as a substitute for the land itself. Upon appeal, the court of appeals affirmed the judgment, holding that the court could render any judgment in the case consistent with the facts stated in the complaint and embraced in the issue, stating that:

"It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of an action, may adapt its relief to the exigencies of the case. It may give to the plaintiff a money judgment simply, when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific relief demanded."

Where an answer has been served, a trial had, and essential facts proved and found by the court, plaintiffs are entitled to any relief consistent with the case made by their complaint, and embraced within the issue. Rogers v. Land Co., 134 N. Y. 197–219, 32 N. E. 27. In this case an answer was interposed, and upon the trial the court found sufficient facts to show that the plaintiff was entitled to have the property which had been taken applied in extinguishment of his judgment debt. And we think the trial court should have given a judgment that was appropriate for that purpose.

"The jurisdiction of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time the suit is brought. The measure of the relief is adapted to the situation at the time of the decree." Van Allen v. Railroad Co., 144 N. Y. 174–179, 38 N. E. 997.

The appointment of a receiver to take possession of the property, sell it, and apply it in extinguishment of the plaintiff's judgment, would be an appropriate remedy in an action of this kind; I do not say the only remedy, if it appeared at the time of the trial that the property was still in the defendant's possession. If it appeared that possession of the property had been parted with, a judgment against such defendant for the amount of the proceeds, or the value of the property to the extent of the plaintiff's judgment, with interest and costs, would be proper, thus adapting the remedy to the situation of affairs at the time of the trial.

The rule that, when equity has obtained jurisdiction of the parties and the subject-matter of the action, it may adapt the relief to the exigencies of the case, even to the extent of rendering a personal judgment, in order to prevent a failure of justice, applies when the general basis of fact upon which equitable relief was sought has been made out, but for some reason it becomes impracticable to grant such relief, or where it would be insufficient. When facts are made out which bring the case within the general jurisdiction

of equity, the court will not allow the case to fall because the specific relief prayed for is no longer practicable, but in such a case, as a substitute for the relief demanded, will award an equivalent in damages, thus ending the controversy, instead of sending the parties to a court of law for that purpose. Dudley v. Congregation, 138 N. Y. 451–459, 34 N. E. 281. Here, the general basis of fact upon which equitable relief was sought has been made out, and the plaintiff is entitled to some relief at the hands of the court. The essential facts, that to me seem to entitle the plaintiff to some relief, were agreed upon by the parties by stipulation, and found by the trial court, and this court is asked upon this appeal to render judgment for the plaintiff upon such facts, instead of reversing the judgment and granting a new trial. As we have seen, in equity, the measure of relief is adapted to the situation of affairs at the time of the decree. We cannot know what the appropriate remedy is at this time. The defendant may have parted with the property to a bona fide purchaser since the trial, or it may have been destroyed, so that, if a receiver should be appointed by this court, there would be nothing for him to receive. The judgment is therefore reversed, and a new trial granted, so that the plaintiff may be given that relief which shall appear to the court at that time appropriate, and sufficient to enforce his rights to have the property in question, its proceeds, or value used in extinguishment of his judgment; with costs of this appeal. All concur.