LANAHAN et al. v. CAFFREY et ux.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

1. FRAUDULENT CONVEYANCES—JUDGMENT—EXECUTION—EQUITABLE REMEDY.
    Where a creditor has recovered judgment against the debtor in the county of his residence, and issued execution thereon, which is returned unsatisfied, he has exhausted his legal remedy, and may sue to set aside as fraudulent a conveyance by the debtor of land in another county, without first docketing his judgment in that county.

2. SAME—BURDEN OF PROOF.
    The burden is on one conveying his property while indebted to show it was not fraudulent.

Appeal from special term, Westchester county.

Suit by William Lanahan and others against Thomas Caffrey and Lillie E. Caffrey, his wife. There was a decree for defendants, and plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Harold Nathan, for appellants.

Benjamin Yates, for respondents.

WOODWARD, J. On the 21st day of August, 1896, the plaintiffs in this action recovered a judgment against Thomas Caffrey, one of the defendants, in the city court of the city of New York, for the sum of $420.84. An execution was duly issued on said judgment to the sheriff of the city and county of New York, where the judgment debtor then resided, and was returned wholly unsatisfied. It is admitted by the defendants that they were and are residents of the city of New York. Prior to the 1st day of May, 1896, the defendants were tenants by the entirety of certain premises in Yonkers, and on that date the defendant Thomas Caffrey gave a deed of said premises to his wife, the defendant Lillie E. Caffrey, for an expressed consideration of one dollar. It is admitted that the transfer was made after Thomas Caffrey had incurred the obligation to the plaintiffs upon which their judgment was recovered, and it seems to be conceded that the defendant Thomas Caffrey was insolvent at the time of the transfer. Evidence was introduced tending to show a valuable consideration, the defendants contending that Mrs. Caffrey had borrowed money from her brother for the use of her husband, and that the transfer was made for the purpose of securing Mrs. Caffrey as indorser for the amount of the notes given for this money. The learned trial court dismissed the complaint on the merits, without costs, upon the ground (1) that the plaintiffs did not prove that their judgment against the defendant Thomas Caffrey was docketed in the county of Westchester, where the real estate was situated, and was not a lien thereon; (2) that the conveyance was made for good and valid consideration, and is not fraudulent and void, and was not made to defraud creditors. From the judgment entered, appeal comes to this court.

It will not be seriously questioned that Thomas Caffrey could alien or incumber his interest in this estate, or that it could be sold on execution, and, because of the conclusion we have reached, it is not

necessary to go into the question of the admissibility of evidence as to the future support of the defendant Thomas Caffrey, alleged to have been a part of the consideration.

We are unable to discover any reason, or any authority, for the conclusion of the learned trial court that it was necessary that the judgment against Thomas Caffrey should have been docketed in Westchester county as a condition precedent to the bringing of this action. The rule of equity that it will not interfere until the parties have exhausted their remedies at law has no application to the case at bar, because the plaintiffs had already complied with this condition. They had prosecuted their claim to judgment. That judgment had been entered in the county of the residence of the defendants, and an execution had issued and been returned wholly unsatisfied. The defendant Thomas Caffrey had no property in Westchester county; for as against every person, with the possible exception of creditors at the time of the transfer, the conveyance to his wife was valid. The law could not reach the property under the judgment against Thomas Caffrey, and there was no more reason why the judgment should be docketed in Westchester county than there was why it should have been entered of record in Erie county. The defendant Thomas Caffrey had fully disposed of his interest in the property. It only remained for a court of equity to determine whether Mrs. Caffrey took the conveyance subject to the equities existing at the time of the transfer. A judgment in favor of the plaintiffs would not restore the property to Thomas Caffrey as against his wife, but the property constitutes an asset which in equity existed at the time of the transfer.

As we have already indicated, a judgment in favor of the plaintiffs does not give the defendant Thomas Caffrey any legal title to the property. He is in the same position as one who, under our statute of uses and trusts, pays the purchase price of property deeded to a third person. "This resulting trust, in favor of the party paying the consideration," say the court in the case of McCartney v. Bostwick, 32 N. Y. 53, 59, "and of those claiming in his right, was annihilated by the statute of uses and trusts, and the absolute title, as between the original parties, was vested in the nominal grantee. No interest whatever, either legal or equitable, inured to the party paying the price; and he had no remaining right on which, through judgment and execution, creditors could by any process fasten a specific lien. All claims in or through the actual purchaser were entirely extinguished, and, if the statute had gone no further, his creditors would have been without redress in the courts, whether of law or equity. But, to prevent this precise abuse, the statute proceeds to declare a new and independent resulting trust, in favor of the general creditors of the party paying the consideration, in every case where the conveyance is fraudulently made to another with his assent." 1 Rev. St. p. 728, §§ 51–54. "It is difficult," say the court in the case of Bank v. Olcott, 46 N. Y. 12, 22, "to perceive any distinction, or any reason for it, between the rights of creditors as to property fraudulently transferred by the debtor himself and property paid for by him and transferred to a third person. Why should creditors have different and superior rights to enforce their debts in the latter case to those enjoyed in the former? I can

see no reason for any distinction, and I do not believe the statute has created any. But, in either case, the commencement of an equitable action is necessary to constitute a lien or charge, in any legal sense, upon the land."

If we are correct in this view of the question, that the trust results, not to the defendant Thomas Caffrey, but to his creditors at the time of the transfer, "to the extent that may be necessary to satisfy their judgments" (1 Rev. St. p. 728, § 52), then it is clear that in issuing an execution, and in having the same returned wholly unsatisfied, the plaintiffs had exhausted their legal remedy, and no other course was open to them except to come into a court of equity and ask to have the trust declared. "The person paying the consideration money must take the conveyance to himself," say the court in the case of Garfield v. Hatmaker, 15 N. Y. 475, 478, "or he can have no legal or equitable interest in the land. The very foundation, therefore, of the right which the creditor had to take the land in execution fails; but in place of that right, and of the common-law principles on which it depended, the statute has declared a presumption of fraud, and, through the fraud, a resulting trust, not in favor of the debtor, but of the creditor only. There is no interest, legal or equitable, in the debtor, and therefore nothing to which a judgment and execution can attach; but instead of this there is a pure trust in favor of the creditor, which the statute impresses upon the legal estate in the hands of the grantee in the conveyance, and which can be enforced in equity only." In none of the cases of this character do we find any suggestion that the plaintiff must docket his judgment in every county in which the defendant may at some time have owned property which he may be accused of fraudulently transferring. It is enough that the plaintiff has recovered a judgment, that execution has issued, and that the same has been returned unsatisfied. This is peculiarly true where, as in the case at bar, the judgment debtor is shown not to have any estate, legal or equitable, and when the action is to establish a resulting trust to the creditor against property held by a third person. The docketing of the judgment in Westchester county against the defendant Thomas Caffrey could serve no purpose. He owns no property, either legal or equitable, upon which the judgment could operate as a lien. If the transfer was fraudulent, it operates to create a trust for the plaintiffs. The plaintiffs have exhausted their legal remedies. They have established prima facie that the defendant Thomas Caffrey was insolvent, by the issuing of an execution which has been returned wholly unsatisfied. It is now the province of a court of equity to determine whether the transfer of his property in May, 1896, was fraudulent. If it was, then the plaintiffs are in equity entitled to a lien upon the property of the defendant Mrs. Caffrey.

It is now necessary to consider the action of the court in dismissing the complaint upon the merits. If we are correct in assuming that the parties are in the same situation that they would have been if Thomas Caffrey had purchased the property, paying for the same, and taking the title in the name of his wife, then the conveyance must be presumed to have been fraudulent (1 Rev. St. p. 728, § 52), and there was clearly no evidence in the case sufficient to overcome this

presumption. So, it was not necessary that the plaintiffs should establish fraud by further evidence; it was for the defendants to disprove fraudulent intent.. When the evidence is considered in the light of this presumption, we are convinced that the trial court erred in dismissing the complaint upon the merits. Even in the view of the case which seems to have been entertained by the court, there was a mere lack of proof on the part of the plaintiffs of the fraud alleged in the complaint, and the plaintiffs should not have been estopped from a further effort to secure their rights by a judgment upon the merits. Terry v. Horne, 59 Hun, 492, 13 N. Y. Supp. 353; 6 Enc. Pl. & Prac. 995, and cases there cited.

The judgment should be reversed, and a new trial granted, costs to abide the final award of costs. All concur.