(36 Misc. Rep. 330.)

### WARD et al. v. TERRY.

(Supreme Court, Trial Term, Delaware County. November, 1901.)

**1. ACTION ON LEASE—COMPLAINT.**

A complaint alleging that plaintiffs, under a lease in perpetuity, were the owners in fee of certain premises in the possession of the defendant; that they were entitled to the possession and the rents; and that defendant, as a tenant, has made default, and has forfeited the conditions of the lease. and is wrongfully in possession and wrongfully withholds the same,—states a cause of action on the lease for rent and for possession, and not a cause of action in ejectment.

**2. SAME—JUDGMENT.**

Where, in an action on a lease for rent, defendant at the trial interposes a general denial, and claims title under a deed from a third party, and produces an unrecorded deed showing conveyance of the property to his wife by him, and testifies that she is in possession, and plaintiffs make out a prima facie case, they are entitled to judgment for the rent, and barring defendant from possession, though no judgment can be rendered barring the rights of the wife.

Action by Agnes Ward and others against Calder Terry. Judgment for plaintiffs.

Charles L. Andrus, for plaintiffs.
Williams & Conlon, for defendant.

FORBES, J. This action was brought under a sealed instrument, known as a "lease in perpetuity," covering certain lands in the town of Hamden, Delaware county, N. Y. The complaint describes the property of which the defendant is alleged to be in possession under said lease. The plaintiffs allege that they are the owners in fee and entitled to possession of the premises described in the complaint, and to the rents, issues, and profits thereof. These allegations are followed by an allegation that the defendant has been in possession and occupation of the premises under and sub-

ject to the lease aforesaid, and is subject to the covenants and conditions therein contained, and from time to time the defendant has paid rent thereon to the plaintiffs, or their grantors, devisors, and ancestors. A subsequent allegation of the complaint shows that the defendant has made default in the payment of the rent due and owing upon said lease, and that there is due and unpaid thereon the sum of $458.19 of back rent, and the interest thereon since the same became due, in the sum of $250; that the defendant subsequently refused to pay the rent due and made payable according to the terms of the lease on the 1st day of May, 1897, and for several years prior thereto. Then follows an allegation that the rent was duly demanded of the defendant prior to the commencement of this action, and that the defendant still neglects and refuses to pay the same; that he has forfeited the conditions contained in said lease, and is wrongfully and unlawfully in possession of said premises, and refuses to redeliver possession to the plaintiffs, and unlawfully withholds possession thereof, to the plaintiffs' damage. Then follows the prayer for relief, in which a judgment is demanded for the recovery of possession of the premises described in the complaint, together with $708.19, rent and interest, with costs. The answer is a general denial, upon information and belief, coupled with an affirmative allegation that the allegations of the complaint are false and untrue, each and every of them. Under the issues thus made the case was tried. The evidence was amply sufficient to show that the plaintiffs are entitled to recover as for a breach of the covenants contained in said lease, and the nonpayment of rent due thereunder. The evidence also showed that the relation of landlord and tenant existed between the plaintiffs and the defendant; that rent had been paid to the plaintiffs' ancestors and devisors; that since the death of the plaintiffs' ancestor no rent had been paid, although demanded; and that the defendant refuses to pay, or further recognize the lease. The defendant claims to have taken his title to the property, and to have gone into possession, under a deed from Theodore Terry, about February 20, 1865, claiming title in himself under said deed, and since about 1882 he has refused to pay rent. On the trial the defendant put in evidence a deed, which was unrecorded, by which, it is alleged, the defendant conveyed the property to his wife in the year 1896; that she has been in possession of the premises ever since, and was so in possession at the time of the commencement of this action, June 19, 1897. At the close of the evidence each party moved for a direction of a verdict in its favor.

The sole question now presented to the court is whether, under the complaint, the plaintiffs are entitled to recover for the amount of the rent due and unpaid under said lease, and for judgment of possession against the defendant. The lease is under seal. The plaintiffs contend that they are entitled to recover, under the proofs upon the trial. It was admitted by the attorneys that there is no question of fact for the jury. The defendant claims that the action is an action in ejectment; that the evidence shows that at the time of the commencement of the action the defendant was not

in the legal possession and control of said premises; therefore that this action cannot be maintained, and that a judgment cannot pass against him, in any form. Having conveyed his title to his wife, and turned his possession over to her, can the defendant defeat this action for rent admitted to be due from him and unpaid? I am inclined to think this action is upon the lease: First, for rent due from the defendant to the plaintiffs; second, for possession of the property, upon the theory that there has been a breach on the part of the defendant of the covenants contained in said lease. There seems to be no question about the fact that the deed from the defendant to his wife was a secret conveyance, kept from record, and was for the first time known to the plaintiffs when it was produced by the defendant, on the trial, still unrecorded. Perhaps a test may be made of the plaintiffs' right to recover under their complaint by assuming that no answer had been interposed. In that case the plaintiffs would have been entitled to recover as for an admission on the part of the defendant of all the material allegations in the complaint. In that case the plaintiffs would be entitled to a judgment only for such relief as the facts properly alleged would authorize, since, by not answering the complaint, the defendant does not admit that the plaintiffs are entitled to the relief demanded against him. Argall v. Pitts, 78 N. Y. 239; Bullard v. Sherwood, 85 N. Y. 253; Harrison v. Trust Co., 144 N. Y. 326, 39 N. E. 353; Webb v. Staves, 1 App. Div. 145, 37 N. Y. Supp. 414; Code Civ. Proc. § 1207. The plaintiffs' right to recover in the case at bar is much stronger than the illustration made, since here we not only have the complaint, but an answer interposed, and all of the evidence given upon the issue tendered by the answer. Can there be any question about the plaintiffs' right to recover under the lease for the amount of rent due them and unpaid, since the gravamen is to recover the unpaid rent, as well as for a breach of the covenants contained in the lease, entitling the plaintiffs to take possession of the property, and put an end to the lease and to the defendant's occupation of the premises? While it would not be proper or legal to attempt to bind the defendant's wife by the judgment of dispossession against her husband, upon what principle of law can it be contended that the plaintiffs are not entitled to some of the relief demanded in their complaint? Clason v. Baldwin, 129 N. Y. 183, 29 N. E. 226. In the Clason-Baldwin Case, supra, it was held that if the plaintiff in an action of ejectment fails to make a tenant in occupation of the premises a party, bringing the action against the landlord only, and the latter joins issue without pleading the nonjoinder of the tenant, by his omission to so plead he waives the defect, and, as he is a proper party (Code Civ. Proc. § 1503), the action must be tried upon the question of the plaintiff's title and right to possession, although a recovery of the land cannot be enforced as against the tenant's occupancy (Thomas v. Nelson, 69 N. Y. 118). The court, in our own department, commenting upon the case of Webb v. Staves, supra, citing Rogers v. Land Co., 134 N. Y. 197, 32 N. E. 27, held "that where answer has been served, a

trial had, and essential facts proved, and found by the court, the plaintiff is entitled to any relief consistent with the case made by the complaint and embraced within the issue." If this were an action of ejectment, the plaintiffs would have the right to recover for the rents, use, and profits of the premises, and, if the defendant were in possession, would be entitled to a judgment dispossessing him. Can it possibly make the plaintiffs' cause of action any weaker, or their right to recover the rents any less certain, because there was a contract lease? Seton v. Clark, 16 N. Y. Supp. 771. The Code requires that "the complaint shall contain a plain and concise statement of the facts constituting each cause of action." Code Civ. Proc. § 481, subd. 2; Wright v. Hooker, 10 N. Y. 51. In that case it was held, under the Code of Procedure, that "it is sufficient if facts be stated in the complaint which warrant the judgment, although the grounds upon which the judgment was rendered were other than those contemplated by the pleader." The following case cited by the defendant's attorney is not in point: Larned v. Hudson, 57 N. Y. 151. The case at bar is not a claim for damages for withholding possession of the real estate, and for the rents, issues, and profits thereof, for which a separate and distinct cause of action may be maintained. The case at bar is an action for rent due under the lease, and possession is demanded because the covenant in the lease, to pay, has been broken and disregarded. It is a plain principle of law that a tenant in possession of real estate under a lease cannot dispute his landlord's title to the premises without first surrendering possession to the landlord or his agent. On the trial the plaintiffs proved prima facie their title to the premises in controversy, and there was no question of fact raised. Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322. The following case, cited by the defendant's attorney, is not in point: De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455. In the case at bar there are not two causes of action improperly joined. But, assuming that fact to be true, no such defense is raised by the answer. It probably must be assumed that the premises are actually occupied by the defendant's wife under the deed produced upon the trial, and that an action of ejectment is not brought against her. Danihee v. Hyatt, 151 N. Y. 493, 45 N. E. 939, affirming 81 Hun, 238, 30 N. Y. Supp. 707. Under the pleadings and evidence in the case at bar, I am forced to the conclusion that the plaintiffs are entitled to recover against the defendant for the rent due and unpaid under the lease, and, so far as the defendant is concerned, to a judgment barring his possession, occupation, and his further use of the premises covered by the complaint. Judgment is therefore ordered in favor of the plaintiffs for the balance of the rent due, with the interest thereon, in the sum of $510.16 besides the costs of this action.

Judgment for plaintiffs, with costs.