HUBBARD v. UNITED WIRELESS TELEGRAPH CO. et al.

(Supreme Court, Special Term, New York County.   April 1, 1909.)

1. CORPORATIONS (§ 544*)—TRUST FUND—RIGHTS OF CREDITORS.

The property of a corporation is a trust fund for the payment of its debts, and its creditors have a lien thereon, and may follow it into the hands of the directors or stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2162; Dec. Dig. § 544.*]

2. FRAUDULENT CONVEYANCES (§ 221*) — RIGHT OF CREDITORS OF GRANTOR — "DERIVATIVE."

A fraudulent conveyance, while valid as between the parties, because they are in pari delicti, is void as against creditors of the grantor, and a judgment creditor of the grantor may maintain a creditors' suit to set aside the conveyance as against the objection that his action is derived from the grantor, since his action is a remedy given to a judgment creditor; the word "derivative" being defined as coming from another, or as acquired from another.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § 221.*]

3. CREDITORS' SUIT (§ 7*)—JURISDICTION—GROUNDS OF REMEDY.

The power of a court of equity to take jurisdiction of a judgment creditor's suit in aid of an execution is not limited to the creditor's action specified in Code Civ. Proc. §§ 1871–1879, nor to those in which a question of fraud is involved.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. § 3; Dec. Dig. § 7.*]

4. CREDITORS' SUIT (§ 8*) — PROPERTY WHICH MAY BE SUBJECTED — PERSONAL PROPERTY.

In a judgment creditor's suit in aid of an execution, personalty as well as realty may be reached, where it is alleged that the same was disposed of in fraud of the judgment creditor.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. § 12; Dec. Dig. § 8.*]

5. CORPORATIONS (§ 662*)—ACTIONS AGAINST FOREIGN CORPORATIONS—RIGHTS OF RESIDENTS.

Under Code Civ. Proc. § 1780, providing that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, etc., a resident, who is a judgment creditor of a foreign corporation, may maintain a creditor's action, in aid of an execution, to set aside a fraudulent transfer to another foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2569; Dec. Dig. § 662.*]

6. PLEADING (§ 193*)—QUESTIONS RAISED BY DEMURRER.

The question whether plaintiff, suing a foreign corporation, is a resident or nonresident, cannot be reached by demurrer to a complaint which is silent as to the residence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428, 431; Dec. Dig. § 193.*]

Action by Thomas H. Hubbard against the United Wireless Telegraph Company and another.   Demurrer to the complaint, interposed by defendant United Wireless Telegraph Company, overruled.

Demurrer by the defendant United Wireless Telegraph Company to the complaint upon the points: First, that the court has not jurisdic-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the subject of the action; and, second, that the complaint does not state facts sufficient to constitute a cause of action.

Joline, Larkin & Rathbone (Adrian H. Larkin and George E. Hargrave, of counsel), for plaintiff.

Francis X. Butler, for demurring defendant.

GIEGERICH, J.  This is a judgment creditor's action in aid of an execution, brought for the purpose of having an alleged fraudulent transfer of property by the defendant American De Forest Wireless Telegraph Company, the judgment debtor, to the defendant United Wireless Telegraph Company, adjudged void, a receiver appointed, and the property thus transferred applied to the payment of plaintiff's judgment.  The defendant United Wireless Telegraph Company demurs to the complaint upon the grounds that the court has not jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action.

The demurrant urges that, as the plaintiff has brought this action in his capacity as a judgment creditor of the defendant American De Forest Wireless Telegraph Company, the action comes under the head of "derivative actions," and as far as any recovery against the defendant United Wireless Telegraph Company is concerned his cause of action must of necessity be predicated upon some equity which exists in the former company against the latter company, and that, if the defendant American De Forest Wireless Telegraph Company cannot maintain the action against the defendant United Wireless Telegraph Company in the courts of this state, the plaintiff is without a remedy.  This contention is based upon a misconception of the authorities.  If, as claimed by the demurrant, the plaintiff in an action of this nature "derives" his cause of action from or through a fraudulent grantor, a judgment creditor would be unable to maintain an action to set aside any transfer or conveyance in fraud of creditors, for the reason that, the judgment debtor and the fraudulent transferee or grantee being in pari delicto, the transfer or conveyance would be binding and valid as between them and all persons claiming under or through them.  Osborne v. Moss, 7 Johns. 161, 5 Am. Dec. 252; Moore v. Livingston, 14 How. Prac. 1; Phillips v. Wooster, 36 N. Y. 412.  It is well settled, however, by numerous adjudications that the property of every corporation is a trust fund for the payment of its debts, and that its creditors have a lien thereon and may follow it into the hands of the directors or stockholders.  Bartlett v. Drew, 57 N. Y. 587; Hastings v. Drew, 76 N. Y. 9; McNeal v. Hayes Machine Co., Inc., 118 App. Div. 130, 103 N. Y. Supp. 312; Darcy v. Brooklyn & N. Y. Ferry Co., 127 App. Div. 167, 111 N. Y. Supp. 514.

As above shown, a fraudulent conveyance or transfer is valid as between the parties thereto, but void as against creditors (Southard v. Benner, 72 N. Y. 424; Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99, 1 L. R. A. 250); and the defrauded judgment creditor has a lien upon the property in the hands of the transferee (Lanahan v. Caffrey, 40 App. Div. 124, 57 N. Y. Supp. 724).  The word "derivative" is

defined by Bouvier as "coming from another; taken from something preceding; secondary; as derivative title, which is that acquired from another person." 1 Bouvier's Law Dictionary (16th Ed.) 549. A judgment creditor's action is not derived from or through any one, but is a remedy given to a judgment creditor or his assignee after all legal remedies to enforce the lien have been exhausted. Southard v. Benner, 72 N. Y. 424; Koechl v. Leibinger & Oehm Brewing Co., 26 App. Div. 573, 50 N. Y. Supp. 568. The power of a court of equity to take jurisdiction of such an action is not limited to the particular creditor's action specified in sections 1871–1879 of the Code of Civil Procedure, nor to those in which a question of fraud is involved. Stetson v. Hopper, 60 App. Div. 277, 70 N. Y. Supp. 170. In such creditors' actions personal property, as well as real property, may be reached, where it is alleged that the same was disposed of in fraud of the rights of the judgment creditor. Webb v. Staves, 1 App. Div. 145, 37 N. Y. Supp. 414.

The demurrant contends, furthermore, that since the complaint shows that both of the defendants are foreign corporations, and that the action is not one of those mentioned in section 1780 of the Code of Civil Procedure, it cannot be maintained. But the action does not have to be one of the character specified in the subdivisions of that section, if it is brought by a resident of the state. A resident, as espressly provided by that section, may sue upon any cause of action, whatever its character. The question whether the plaintiff is a resident or not is not reached by a demurrer in a case where the complaint is silent as to the residence of the plaintiff. So long as it does not appear that the plaintiff is a nonresident, the complaint is good as against a demurrer. Herbert v. Montana Diamond Co., 81 App. Div. 212, 80 N. Y. Supp. 717; MacGinniss v. Amalgamated Copper Co., 45 Misc. Rep. 106, 91 N. Y. Supp. 591.

The case of Snow, Church & Co. v. Snow-Church Surety Co., 80 App. Div. 40, 80 N. Y. Supp. 512, cited by the demurrant, has no application, as it merely holds that an order permitting the examination of books and papers to enable the plaintiff to frame his complaint should be refused, where the proposed action is between two foreign corporations, and it does not appear by the petition on which the order is based that the case is one of those mentioned in section 1780 of the Code of Civil Procedure. Here the situation is entirely different, the action being by an individual, who, as seen, is not shown not to be a citizen of this state, against a foreign corporation, and not by a foreign corporation against another.

The demurrer is therefore overruled, with costs, with leave to withdraw the same and to answer upon payment of such costs within 20 days after service of the decision to be entered hereon.